JAMES K. PARDEE, respondent, v. HUGH T. MURRAY ET AL., appellants.

APPEAL — *Time of filing undertaking.* — An appeal to the supreme court is ineffectual unless an undertaking is filed within the time limited by statute.

If the undertaking was filed within the statutory time, and the error is in the record, the correction must be made in the court below. The motion to dismiss will not be granted, but a motion suggesting a diminution of the record will be sustained and the cause remitted for correction.

*Appeal from Second District, Deer Lodge County.*

SANDERS & CULLEN, HIRAM KNOWLES and THOS. L. NAPTON, for respondents.

E. W. & J. K. TOOLE and J. C. ROBINSON, for appellants.

The statute of Montana territory provides that, to make an appeal effectual for any purpose, the appellant shall, within five days after the service of the notice of appeal, file an undertaking. See Code of Civil Procedure of Montana for the year A. D. 1877, p. 150, sec. 409.

The notice of appeal was mailed, as it appears by the record, on the 5th day of June, 1880, and directed to W. F. Sanders, Helena, Montana territory. As will appear by the affidavit of Hiram Knowles, filed with this motion, the distance between Deer Lodge, Deer Lodge county, Montana territory, and Helena, Lewis & Clark county, Montana territory, is not to exceed forty-six miles. The service of said notice, then, was, on the 7th day of June, complete.

The undertaking was not filed until the 10th day of July, 1880. This was, as the court will see, more than thirty days from the date of the service of said notice.

An appeal must be taken as is provided by law. The manner of taking an appeal is a creature of statute. *Appeal of S. O. Houghton*, 42 Cal. 35.

This court has no jurisdiction of an appeal unless the undertaking is filed within five days from the service of the notice of appeal. *Hastings* v. *Halleck et al.* 10 Cal. 31; *Aram* v. *Shallenberger*, 42 Cal. 275.

WADE, C. J. The respondent moves to dismiss this appeal for the reason that the undertaking was not filed within the time prescribed by the statute.

The notice of appeal was served on the 5th day of June, 1880, and the undertaking was filed on the 10th day of July, 1880.

The code, section 409, provides that an appeal is taken by filing with the clerk of the court in which the judgment is rendered, or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party or his attorney. The section fur-

ther provides that the appeal is ineffectual for any purpose, unless, within five days after service of the notice of appeal, an undertaking be filed, or a deposit of money be made, or that the undertaking be waived in writing.

This section of our code is the same as that of the California code, and the supreme court of that state has construed the section, passing directly upon the effect and consequence of failing to file the undertaking within the statutory time, and holding that such failure is fatal to the appeal.

In *Hastings* v. *Halleck*, 10 Cal. 31, the court says: "To constitute an appeal there are three things necessary: first, filing the notice; second, the service of the same; and third, filing the undertaking. All these steps must be taken within the times limited by the statute. If not so taken there is no appeal perfected, and the court has no jurisdiction of the case." Referring to *Bryan* v. *Berry*, 8 Cal. 133; *Franklin* v. *Reiner*, id. 341; *Whipley* v. *Mills*, 9 Cal. 641.

In the case of *Aram* v. *Shallenberger*, 42 Cal. 278, the court says: "The times at which, and the successive order in which, the several steps are to be pursued to take and perfect an appeal, are distinctly prescribed by statute, and must be observed; otherwise the appeal must fail here, if timely objection be taken by the respondent. We have no authority to relieve a party from the consequences of a failure in these respects."

These authorities seem conclusive upon the question that there was no appeal perfected in the case, because of the failure to file the undertaking within the time limited by law.

But the appellants say by affidavit there is an error in the record, and that the notice was served and the undertaking filed within the statutory time. If this is true, the error may be corrected in the court below. It cannot be corrected here. We cannot make records for that

court.   The appellants ought to have an opportunity to correct any error in the record in the proper court.   This motion, suggesting a diminution of the record, and that the same be remitted to the court below for correction, is granted.

*Motion to dismiss overruled.*