[No. 8,269. In Bank.—March 12, 1885.]

ESTATE OF MARY KIDDER, DECEASED. H. L. KIDDER, AN INCOMPETENT PERSON, BY HIS GUARDIAN ET AL., APPELLANTS, *v.* J. E. BROWN ET AL., RESPONDENTS.

WILL—FRAUDULENT DESTRUCTION—PETITION FOR PROBATE—PLEADINGS.—The petition for the probate of a will alleged to have been fraudulently destroyed during the life-time of the testator, must specifically state the facts and circumstances constituting the fraud. Whether there was a fraudulent destruction, is a question of fact to be proved.

ID.—EVIDENCE OF CONTENTS OF WILL.—On an application to have a lost will admitted to probate, under section 1339 of the Code of Civil Procedure, the provisions of the will must be clearly and distinctly proved by at least two credible witnesses.

ID.—EVIDENCE INSUFFICIENT.—The evidenee showed that at the time of the de-
struction of the will, the testatrix was very ill in bed, and in a semi-coma-
tose condition ; her attendant handed her the will, and immediately after-
wards she saw it in the fire, but made no attempt to rescue it. Whether
the will was thrown into the fire by the testatrix, or accidentally fell there,
was not shown. *Held,* that the evidence did not prove a fraudulent destruc-
tion of the will by the attendant.

APPEAL from an order of the Superior Court of Santa Clara
County admitting a will to probate.

The facts are sufficiently stated in the opinion of the court.

*Burt & Pfister,* for Appellants.

The demurrer of the contestants should have been sustained,
as the petition does not state by whom the alleged will was de-
stroyed, or the facts constituting the fraudulent destruction.
(Estate of Kidder, 57 Cal. 282 ; *Goodwin* v. *Goodwin,* 59 Cal.
561.) The evidence as to the contents of the alleged will was
insufficient. (*In re Johnson's Will,* 40 Conn. 589 ; *Davis* v.
*Sigourney,* 8 Met. 487 ; *Timon* v. *Claffly,* 45 Barb. 438 ; *Knapp*
v. *Knapp,* 10 N. Y., 276 ; *Harris* v. *Harris,* 36 Barb. 88 ;
*Anthony* v. *Chapman,* 65 Cal. 73.)

*S. A. Barker, Houghton & Reynolds,* and *Moore, Laine &*
*Johnson,* for Respondents.

The destruction of the will was the result of an accident, and
did not operate as a revocation. Such a destruction is fraudu-
lent, because it defeats the intention of the testator to die tes-
tate. (Code of Civil Proc., § 1339 ; Abbott's Trial Evidence,
127 ; *Schultz* v. *Schultz,* 35 N. Y. 653 ; *Cheese* v. *Lovejoy,* 4 L.
Eq. Rep. 368.) It is not necessary that the witnesses to the
contracts of a lost will should testify to the exact language
used by the testator. It is sufficient if they can testify to the
substance of the whole will. (*Morris* v. *Swaney,* 7 Heisk. 591.)

MORRISON, C. J.—This is an appeal from an order admitting
to probate a destroyed will. The petition alleged the execution
of the will, and that it was never revoked by the deceased ;
that on a day and at a place named, and without the knowledge
or consent of said deceased, the will "was fraudulently burned

and destroyed by and through the neglect and inattention of one Laura Stevens, who was then and there the nurse and sole attendant upon said decedent, and that said Mary Kidder died without any information or knowledge of the facts of said burning and destruction thereof." The petition was demurred to, on the ground that the facts constituting a fraudulent destruction are not stated, that it does not appear by whom the alleged will was destroyed, nor what acts contributed to its destruction, nor how the negligence or inattention of the attendant brought about the destruction. The demurrer was overruled.

This proceeding was under section 1339 C. C. P., which provides that " no will shall be proved as a lost or destroyed will, unless the same is proved to have been in existence at the time of the death of the testator, or is shown to have been fraudulently destroyed in the life-time of the testator, nor unless its provisions are clearly and distinctly proved by at least two credible witnesses." The ground relied upon by petitioner in this case was that the will had been fraudulently destroyed in the life-time of the testatrix, Mary Kidder. The averment in that regard in the petition is, " that said last will and testament was fraudulently burned and destroyed by and through the neglect and inattention of one Laura Stevens, who was then and there the nurse and sole attendant upon said decedent," and the finding of the court upon the point is, " that when said will was brought to her (the testatrix) she partially withdrew it from the envelope, and then returned it, there and then allowed it to fall from her hand into the fire, when it was wholly consumed. That said destruction of said will was wholly unintentional on the part of said Mary Kidder, * * * and that the wife of Ira Stevens (the nurse) was present at the time said will was burned, and saw it fall into the fire, but did not make any effort to preserve it, and did not inform said Mary Kidder that it had fallen into the fire, or was burned or destroyed."

It will be borne in mind that the petition was for the probate of a will alleged to have been fraudulently destroyed during the life-time of the testatrix, and the first inquiry is, Do the allegations in the petition show a fraudulent destruction of the will ? It is true that it is charged that the will was fraudulently burned and destroyed " by and through the neglect and inattention of

one Laura Stevens, who was then and there the nurse and attendant upon the decedent." What acts of neglect and inattention the nurse was guilty of are not stated, and the court is left to conjecture. It is well settled that when fraud is complained of as the ground of relief, the facts and circumstances constituting the fraud must be stated. It has been so held, and such is unquestionably the well-settled doctrine of this court. (*Goodwin* v. *Goodwin*, 59 Cal. 562, and authorities there cited.)

The testimony of Laura Stevens, the only witness who was present, and the sole witness who testified to the destruction of the will, was substantially as follows :

" I handed the will to her; she lay it in her hands like that (showing) and kind of sank, and I just walked around the other side of her, and saw it was in the fire. While I was walking, it was in the fire. * * * She made a motion of her hand down on one side, like she was half asleep, and the paper went into the fire, and was consumed there. * * * I couldn't tell whether it was a throwing or flirting around, but it went into the fire. * * * I was going around like, and with that motion the will went into the fire. I couldn't tell why I didn't get it out of the fire; I didn't know anything about it, really ; didn't know what to do, nor really didn't think about it."

Does the evidence show or does the court find facts amounting to fraud, or constituting a fraudulent destruction of the will ? The Supreme Court of New York, in a case similar to this, says: " The question of the fraudulent destruction of a will under this section must be one of fact. Fraud is never to be presumed. This is a fundamental rule. It is never to be imputed or inferred, but must be proved by satisfactory evidence." (*Timon* v. *Claffy*, 45 Barb. 446.)

The most that can be said of the conduct of Mrs. Stevens is, that she neglected to take the will from the fire ; but to impute to her fraudulent conduct would be more than the evidence justifies. We do not think that the evidence shows or that the court finds a fraudulent destruction of the will, under section 1339 of the Code of Civil Procedure.

From what has been said, it is apparent that the orders appealed from must be reversed ; but there are one or two other points in the case to be considered. On an application to have

a lost will admitted to probate, the provisions of such will must be clearly and distinctly proved by at least two credible witnesses. Such is the language of section 1339 of the code already referred to, and it is claimed by the contestants that such was not done in this case.

The first witness examined as to the contents of the alleged destroyed will was J. E. Brown, who testified as follows : " The first thing was that she wanted Jessie Kidder to have $1500. I wrote it down. The next she wanted to give one of her sons $5. I don't recollect his name. It was not Ira. I wrote down that bequest. She wanted one of her daughters, living in Oregon or Sacramento, I forget which, to have $1000. I wrote that. One more daughter she wanted to give $500 ; where she lived I don't recollect. I wrote that." The next witness testifying to the contents of the will was Mrs. S. J. Towle, who testified to a bequest therein of $500 to a son living in Oregon. The witness, on being requested a second time to state the contents of the will, omitted this bequest. * * " My impression is that the one in Oregon (the daughter in Oregon) was to have the $1000, but I would not be positive now ; that has been my impression, at least ever since the last trial." Further on in her testimony, this witness speaks for the first time of a reservation in the will of $500 for funeral expenses.

The foregoing is a fair sample of the testimony on the contents of the will; and can it be said that the contents of the will were clearly and distinctly proved by two witnesses ? In *Davis* v. *Sigourney*, 8 Met. 487, Wilde, J., says : " To authorize the probate of a lost will by parol proof of its contents, depending on the recollection of witnesses, the evidence must be strong, positive, and free from all doubt. Courts are bound to consider such evidence with great caution, and they cannot act upon probabilities." " This strictness is requisite, in order that courts may be sure that they are giving effect to the will of the deceased, and not making a will for him." (*Matter of Johnson's Will*, 40 Conn. 589.)

We do not think the evidence given of the contents of the will in this case of such a character as comes up to the requirement of the statute, or the rule laid down in the foregoing cases.

O

The objection to the credibility or the competency of the witnesses on the ground of interest was not well taken.

Orders reversed and cause remanded for a new trial.

McKEE, J., McKINSTRY, J., SHARPSTEIN, J., THORNTON, J., and ROSS, J., concurred.

Rehearing denied.