TERRITORY, respondent, *v.* HARRIS, appellant.

APPEAL. — *In a criminal case, when an appeal has been dismissed without prejudice, a new notice of appeal must be served in order to perfect another appeal.* — An appeal was sought to be taken in the case at bar on the nineteenth day of December, 1887. Notice of appeal was served on the county attorney on said day. Afterwards the appeal was dismissed without prejudice by an order of the supreme court, dated January 14, 1888, for the reason that the notice of appeal had not been served on the clerk of the district court. A transcript was then filed for another appeal on January 20, 1888. It contained a notice of appeal and an admission of service signed by the clerk of the court below, dated January 18, 1888; also a notice of appeal and an admission of service signed by the county attorney, dated December 19, 1887. *Held,* that the court takes judicial notice of its order of January 14, 1888, dismissing the appeal, and that consequently the admission of service by the county attorney, dated December 19, 1887, does not constitute a service of the notice of appeal on said county attorney, as permitted by said order, and that the appeal must be dismissed, with the right to the defendant (under sec. 407, div. 3, Comp. Stats. Mont.) of another appeal.

APPEAL. — *Section 407, division 3, Compiled Statutes of Montana, in reference to defects or informalities in appeals, construed.* — Section 407, division 3, Compiled Statutes of Montana, provides: " An appeal shall not be dismissed for any informality or defect in the taking thereof. If the same be corrected within a reasonable time after the appeal has been dismissed, another appeal may be taken." *Held,* that the first sentence of the statute means that the defendant shall not be absolutely deprived of the right of appeal by reason of a dismissal for defects or informalities, but that he must be allowed to take another appeal within a reasonable time.

APPEALS. — *Practice in supreme court concerning transcripts on appeal.* — The court used the following language: " We have no doubt that where an appeal has been properly taken, but the transcript fails to show it, the appellant may suggest a diminution of the record, and the cause may then be remitted for correction. That practice was upheld in *Pardee* v. *Murray,* 4 Mont. 35, and in *Territory* v. *Young,* 5 Mont. 242."

*Appeal from District Court, Lewis and Clarke County.*

WADE & TOOLE, for the appellant.

W. E. CULLEN, Attorney-General, for the respondent.

BACH, J. The history of this case has already been written by Mr. Justice Galbraith in an opinion delivered by him on a motion to strike a transcript from the files of this court. To that opinion reference is to be had for

a full statement of the facts. An appeal was sought to be taken in this case on the nineteenth day of December, 1887. Notice of appeal was served upon the county attorney upon that day. At the present term of this court a motion to dismiss that appeal was granted, for the reason that no notice of appeal had been served upon the clerk of the court below. The order dismissing provided that the appeal was dismissed without prejudice, and was dated January 14, 1888. On January 20th the present transcript was filed. It contains a notice of appeal, and an admission of service, signed by the clerk of the court below, dated January 18, 1888; also a notice of appeal, and an admission of service, signed by the county attorney, dated December 19, 1887. The motion to dismiss is based upon the ground that it does not appear that any notice of appeal has been served upon the county attorney since the dismissal of the appeal heretofore made on the fourteenth day of January, 1888; and the court has therefore not acquired jurisdiction of the cause. The appellant claims that this is not a second appeal; that it is merely a correction of the first appeal; that this court had no jurisdiction to dismiss the appeal, because no appeal had ever been taken, although an attempt had been made so to do; and that the order of dismissal heretofore made was improperly worded.

The decisions of the supreme court of California are decidedly conflicting upon this point. In many cases contained in the reports of that court, prior to volume 48, appeals had been dismissed where the jurisdictional requirements of the statute had not been complied with. In *Dinan* v. *Stewart,* 48 Cal. 567, notice of appeal had not been served upon respondent's attorney until after the time allowed by law. A motion to dismiss the appeal was denied, "because no appeal had been taken." In *Harlan* v. *Pratt,* 50 Cal. 94, a motion to dismiss the appeal, made upon the same ground, was denied, for the

same reason as in *Dinan* v. *Stewart, supra.* But in *Whittle* v. *Renner*, 55 Cal. 395, an order was granted dismissing the appeal, because notice was not served upon respondent's attorney. A similar order was made in *Prescott* v. *Salthouse*, 53 Cal. 221. In *Boyd* v. *Burrell*, 60 Cal. 280, the appeal was dismissed because the undertaking was not filed in time; and in *Reed* v. *Allison*, 61 Cal. 462, the opinion of Mr. Justice McKee concludes as follows: " This court does not acquire jurisdiction of an appeal unless the record shows that the notice of appeal was served according to law." The motion to dismiss was granted, and the appeal was dismissed. However, in *Biagi* v. *Howes*, 66 Cal. 489, the court reverted to the doctrine asserted in *Dinan* v. *Stewart* and *Harlan* v. *Pratt, supra*, and denied a motion to dismiss the appeal, which motion was based upon a failure to file an undertaking; and the court say: " We cannot consider the notice of appeal from the judgment as of any avail, and inasmuch as no appeal from the judgment is pending, the motion to dismiss is denied. The practice with respect to such attempted appeals has not been uniform. Sometimes they have been dismissed. But as such dismissals should be without prejudice, the form of the order is not very material. We consider it better practice, however, simply to refuse to hear the party who claims to have appealed, without having appealed in fact." On the other hand, in *Stratton* v. *Graham*, 68 Cal. 168, the appellant, after filing and serving a notice of appeal, deposited with the clerk a sum of money in lieu of an undertaking on appeal; but the deposit was not made until after the time allowed by law. Upon these facts, a motion was made to dismiss the appeal. Foote, C., wrote the opinion of the commission of appeals, and following the authority of *Biagi* v. *Howes*, just cited, held that the appellant " should be refused a hearing by this court "; but the order which was granted by the court

in that case was as follows, to wit: "For reasons given in the foregoing opinion, the appeal is dismissed." The last-reported case upon this point decided by the supreme court of California is that of *People* v. *Bell,* 70 Cal. 33. The transcript in that case did not show service of the notice of appeal on any one. In the opinion of the court we find the following language: "This [referring to the above fact] being the case, the appeal cannot be considered." But the report of the case shows that the order entered by the court was, "Appeal dismissed." We have great respect for the opinions and decisions of the supreme court of California, and owing to the similarity existing between our code and that of' California, this court has always considered the decisions of that court upon practice, in civil as well as criminal cases, as controlling; but we cannot undertake to be guided by those decisions, even upon a point of practice, when they do not agree with one another. Now, turning to our own reports, we find that this court in former cases has considered and granted motions to dismiss similar to the one granted herein on the 14th of January, 1888. In *Courtwright* v. *Berkins,* 2 Mont. 404, the appeal was dismissed for want of jurisdiction, the appellant not having followed the statute then in force defining how appeals should be taken. The appeal was dismissed for a jurisdictional defect in *Territory* v. *Hanna,* 5 Mont. 246.

Even if this was a new question in this court, we would be of the opinion that we can dismiss a case for want of jurisdiction to hear the appeal. It is difficult to see how the supreme court can make one order, and not another, where there is a jurisdictional defect in the record. If there is any force in appellant's position, a court could not pass upon a demurrer setting out the statutory ground that the complaint upon its face shows that the court has no jurisdiction; if the appellant is

right, the court could not sustain the demurrer, it having no jurisdiction whatever in the case.

Section 407 of the criminal practice act (Comp. Stats.) provides: "An appeal shall not be dismissed for any informality or defect in the taking thereof. If the same be corrected within a reasonable time after an appeal has been dismissed, another appeal may be taken." The meaning is rather obscure, for it declares that an appeal shall not be dismissed, and then declares what may be done when an appeal has been dismissed. The first clause undoubtedly means that the defendant shall not be absolutely deprived of the right of appeal, but that he must be allowed to take another appeal, and may do so within a reasonable time.

We have no doubt that where an appeal has been properly taken, but the transcript fails to show it, the appellant may suggest a diminution of the record, and the cause may then be remitted for correction. That practice was upheld by this court in *Pardee* v. *Murray*, 4 Mont. 35, and in *Territory* v. *Young*, 5 Mont. 242, upon that point. But the appellant in this case did not ask to have the record corrected. The appeal was dismissed, and appellant was allowed to take another appeal. This he has the right to do, under section 407, above referred to. But in attempting to take the second appeal, he has fallen into the same error for which his first appeal was dismissed. This court does take notice of its own orders. It takes notice that the first appeal was not dismissed until January 14, 1888, and that consequently the admission of the service of a notice of appeal, dated December 19, 1887, and signed by the county attorney as of that date, was not a service of a notice of appeal taken by permission of the court after January 14, 1888. Each appeal must stand or fall by itself. The reason of this is apparent when we consider that it is only by a second service upon him of

the notice of appeal that the county attorney can know that the defendant intends to avail himself of the right to a second appeal; which knowledge was necessary before the county attorney would be formally called upon to prepare for argument, and is now necessary before he must deem it incumbent upon him to inform the attorney-general of the standing of the case in the lower court.

The appeal is dismissed. The defendant has the right to another appeal. When an appeal shall have been properly taken in this case, and not before, we may be called upon to decide whether the appellant has corrected his appeal within the reasonable time as limited in section 407.

*Appeal dismissed.*

GALBRAITH, J., and McLEARY, J., concur.