[S. F. No. 2738.   Department One. — December 4, 1901.]

In the Matter of the Estate of THEODORE L. JOHNSON, Deceased.   MARY E. JOHNSON, Appellant.   MARY J. JOHNSON, Respondent.

PROBATE OF WILL — DESTROYED OLOGRAPHIC WILL — SIGNED COPY — FRAUDULENT DESTRUCTION NOT SHOWN. — An olographic will destroyed in the lifetime of the testator cannot be admitted to probate, if not "fraudulently destroyed." Such a will, if destroyed by a friend in the presence of the testator, as being, in his expressed opinion, of no further use after the testator had, under the friend's advice, executed a typewritten copy, signed by the friend as a witness, was not "fraudulently destroyed," within the meaning of section 1339 of the Code of Civil Procedure.

ID. — FRAUD — UNTRUE ASSERTION — MATTER OF OPINION. — The "assertion of that which is not true," in order to constitute fraud, under subdivision 2 of section 1572 of the Code of Civil Procedure, must be of some *fact* not warranted by the information of the person making it, and cannot be held to include the opinion of the person, however erroneous it may be, or however positively asserted.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying probate to a destroyed olographic will.   J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Edward C. Harrison, for Appellant.

Bishop & Wheeler, and Bishop, Wheeler & Hoefler, for Respondent.

HARRISON, J. — The appellant presented to the superior court an application to have admitted to probate as a last will and testament a certain document annexed to her petition, which she alleged to be a true copy of a will executed by her husband, and fraudulently destroyed in his lifetime.   The respondent filed a contest of the petition, and upon the hearing the following facts were shown: The decedent made and signed an olographic will, sufficient in form, upon two separate sheets of paper, on the first of which was written all of the will except the last two lines and his signature.   After he had made this will, a friend of his, named Neville, to whom he exhibited it, suggested to him that the will might be ineffective if the last

page should be lost, and advised him to have it rewritten. Upon his reply that he would be unable to write it over, as he was soon to leave the city, Neville stated to him that he would take it and have it typewritten, to which the deceased assented. Neville thereupon took the will away, and on the next day returned with it and a typewritten copy. After reading the typewritten copy, the deceased signed it, and Neville also signed it as a witness. Upon the suggestion of Neville that there should be another witness, he replied that there was no one else there that could witness it, and that there was no necessity. Neville thereupon took up the olographic will, and saying that it was of no further use, tore it up in the presence of the deceased, and threw it into the waste-basket. The deceased suggested that he might have kept it, as the typewritten will might get lost, but made no effort to prevent its destruction.

Upon this showing the court held that the will had not been fraudulently destroyed, and denied it probate as a lost will. From the order entered thereon the present appeal has been taken.

Section 1339 of the Code of Civil Procedure declares: "No will shall be proved as a lost or destroyed will, unless the same is proved to have been in existence at the time of the death of the testator, or is shown to have been fraudulently destroyed in the lifetime of the testator." The appellant concedes that there was no actual fraud on the part of Neville in his destruction of the will, but contends that there was constructive fraud, within the provision of subdivision 2 of section 1572 of the Civil Code, which declares that "the positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true," constitutes actual fraud, and within the provision of subdivision 2 of section 1573, which makes constructive fraud to consist "in any such act or omission as the law specially declares to be fraudulent, without respect to actual fraud."

"The assertion of that which is not true," which is thus made actual fraud, must be of some *fact* not warranted by the information of the person making it, and cannot be held to include an opinion of the person, however erroneous such opinion may be, or with what degree of positiveness it may be asserted. The statement of Neville to the deceased was not the assertion of any fact, but was merely the expression of his opinion as to the effect produced upon the first will by the exe-

cution of the subsequent one. It might quite as well be contended that the mistaken opinion of the deceased, that one witness to the typewritten will was sufficient, was the cause of his supposing that the prior instrument would be of no further use. Even if Neville had been the professional adviser of the deceased in the preparation of his will, and had advised him that the first will was superseded by the second, and of no further use, and had thereupon destroyed the first instrument under the circumstances shown here, it could not be maintained that there was any constructive fraud.

The order is affirmed.

Garoutte, J., and Van Dyke, J., concurred.