FRED E. MERRICK, as Executor of the Will of William J. Morgridge, deceased, Respondent, v. RALPH WALDO PRESCOTT, et al., Defendants; RALPH WALDO PRESCOTT and WALLACE M. PRESCOTT, Appellants.

(183 N. W. 1011.)

**Statutory provisions — existence of will must be proved.**

1. In this state a will cannot be proved as a lost or destroyed will unless the same is proved to have been in existence at the death of the testator, or is shown to have been fraudulently destroyed during his lifetime.

**Wills — petition to prove will as destroyed document held insufficient.**

2. In the instant case it is *held* that a will alleged to have been fradulently destroyed during the lifetime of the testator is not shown to have been so destroyed.

Opinion filed June 8, 1921.    Rehearing denied July 23, 1921.

Appeal from the District Court of Ramsey County, *Buttz*, J.

Defendants appeal from an order overruling a demurrer to a petition for the probate of a will alleged to have been fraudulently destroyed.

Reversed and dismissed.

*W. M. Anderson, Cuthbert, Smythe* & *Wheeler,* and *Middaugh* & *Cuthbert,* for contesting respondents and appellants.

"The construction placed upon the statute by the courts of the state from which it was adopted is regarded as persuasive, and indeed, is entitled to very great weight, with the courts of the adopting state, but not as conclusive." From .Text, 36 Cyc. 1156.

If the will was lost or destroyed after her death, it must be alleged and proved to have been in existence at the time of her death; if it was lost or destroyed before her death, it must be alleged and proved to have been fraudulently destroyed in her lifetime." § 1339 Code of Civ. Proc.; Estate of Kidder, 57 Cal. 282; Estate of Johnson, 134 Cal. 662.

"No will shall be proved as a lost or destroyed will unless the same is proved to have been in existence at the time of the death of the testator, or is shown to have been fraudulently destroyed in the lifetime of the testator." § 8643, Comp. Laws, of 1913, N. D.

"Express revocation of a will can only be shown by evidence of some of the acts designated by the statute, and unless revoked by another instrument, as thereby prescribed, the will itself must be destroyed or bear some marks of defacement of spoilation, manifesting the intent to revoke." Graham v. Birch, (Minn.) 49 N. W. 697; 40 Cyc. 1171-1173.

"Under such a statute, in order to prove a lost or destroyed will, the proponent must prove either that the will was actually in existence at the time of the testator's death, or that it is in existence in contemplation of law, which it would be if destroyed under the conditions stipulated in the statute." Note Re Francis, Col. 1, 50 L. R. A. (N. S.) 863.

*Adamson* & *Thompson,* and *Fisk, Murphy* & *Nash,* for respondent.

"One lacking testamentary capacity is not competent, by means of an attempted testamentary act, to revoke a prior will." In re Will of David Goldsticker, 18 L. R. A. (N. S.) 99, 192 N. Y. 35, 84 N. E. 581; Case

note pn p. 99 vol. 18 L. R. A. (N. S.) ; Apperson v. Cottrell, 3 Port (Ala.) 51 ; 29 Am. Dec. 239; Lang's Est. 65 Cal. 19 ; 2 Pac. 491 ; Re Johnson, 40 Conn. 587; Forbing v. Weber, 99 Ind. 588; Allison v. Allison, 7 Dana. 90; Rich v. Gilkey, 73 Me. 595; Rhodes v. Vinson, 9 Gill. 169; 52 Am. Dec. 685; Schaff v. Peters, 11 Mo. App. 447; 90 S. W. 1037; Idley v. Bowen, 11 Wend, 227; Delafield v. Parish, 25 N. Y. 9; Smith v. Waite, 4 Barb. 28; Re Forman, 54 Barb. 274; Re Waldron, 44 N. Y. Sup. 353; Ford v. Ford, 7 Hump. 92; McIntosh v. Moore, 22 Tex. Civ. Ap. 22 ; 53 S. W. 611.

The doctrine of res adjudicata is that "a judgment as to all matters decided thereby and as to all matters necessarily involved in the litigation relating thereto binds and estops all the parties thereto and their privies in all cases where the same matters are again brought in question. See Moore v. City of Albany, 98 N. Y. 396-410.

ROBINSON, C. J. This is an appeal from an order overruling a demurrer to a petition for the probate of an alleged will of William J. Morgridge. The will is dated September 19, 1916. A subsequent will, dated November 23, 1917, was held void for want of mental capacity. Prescott v. Merrick, 179 N. W. 693. The will in question was destroyed by the parties who secured the will that was held void.

The case above cited shows that in December 1915, Morgridge suffered a stroke of paralysis from the effects of which he never recovered. After that he lived in the General Hospital at Devils Lake. The deceased left property valued at approximately $80,000. The will provides for bequests as follows : $100 to Delia F. Morgridge, of Boston, Mass., a sister of deceased; to a nephew, Ralph Waldo Prescott, $10,000; to one Clara Allen, of Boston, $100; to Stella Merrick, of Oregon, wife of F. E. Merrick, his former business partner, $5,000; to Ruth Canfield, of Oregon City, Or., daughter of F. E. and Stella Merrick, $1,000; to Walter D. and Emerson P. Merrick, sons of F. E. and Stella Merrick, of Medford, Or., $1,000 each. The balance of the property was devised to the above-named persons in proportion to the amounts bequeathed in the will.

The will now in question bears the same general character as the other will. It leaves the bulk of the property to Merrick and his family though the Merricks are no relations of the testator.

The petition for probate is signed and sworn to by Fred E. Merrick. He avers that on the 23d day of November, 1917, the testator made a will,

which was prepared by Edward F. Flynn, assisted by Fred E. Merrick, and that at the time it was made Flynn and Merrick had in their possession the prior will, and that in the office of Flynn, at Devils Lake, they destroyed the will dated September 19, 1916, by tearing the same to pieces and throwing the pieces away while the deceased was alive and that said act of destruction was done without consulting the deceased, William J. Morgridge, and without his knowledge or consent, and not in his presence, he being then confined in the hospital, and the same was done wholly upon the initiative of said Flynn and Merrick, and upon the belief that the will of September 19, 1916, was void by reason of the second will, which was subsequently held void; that by reason of the acts of Flynn and Merrick the said will dated September 19, 1916, was fraudulently destroyed, and the deceased was fraudulently deprived of his right to dispose of his property by will.

To the petition there was filed a demurrer on two grounds: (1) That the facts stated in the petition are not sufficient to constitute a petition as provided by law for the probate of a will. (2) That the facts stated do not show a fraudulent destruction of the will.

The petition for probate was drafted in view of the statute which provides as follows:

"No will shall be provided as a lost or destroyed will unless the same is proved to have been in existence at the time of the death of the testator, or is shown to have been fraudulently destroyed" during his lifetime. Comp. Laws, § 8643.

The manifest purpose of the petition was to show that the will had been fraudulently destroyed during the lifetime of the testator, and at the same time to excuse the destruction by showing that it was done in good faith. In this case Merrick, the petitioner, is put in a dilemma. If the facts stated do not show a fraudulent destruction of the will, then it cannot be admitted to probate. If the facts stated do show, as they do, that Merrick was a party to the destruction of the will, then his petition must be denied because of the salutory maxim: "No one can take advantage of his own wrong." Fred Merrick cannot plead his own wrong as a reason for the allowance of a will giving a large estate to him and his family, none of whom are heirs of the deceased. Hence the demurrer must be, and it is, sustained, and the petition dismissed.

Reversed.

Grace and Birdzell, JJ., concur.

Christianson, J. (concurring specially). This is a proceeding for the probate of a will alleged to have been fraudulently destroyed during the lifetime of the testator. § 8643, C. L. 1913, provides:

"No will shall be proved as a lost or destroyed will unless the same is proved to have been in existence at the death of the testator, or is shown to have been fraudulently destroyed" during his lifetime.

In construing a provision identical in language, the Supreme Court of California ruled:

"Where a will is alleged to have been fraudulently destroyed, the petition for probate of such will must state the facts and circumstances showing such fraud." Estate of Kidder, 66 Cal. 487, 6 Pac. 326.

The petition in this proceeding attempts to comply with this rule, and purports to set forth the facts and circumstances which it is alleged constitutes the fraud. In my opinion, however, the facts and circumstances set forth not only fail to constitute fraud, but show affirmatively that the will which it is sought to have admitted to probate was not fraudulently destroyed during the lifetime of the testator. See Estate of Kidder, 57 Cal. 282; Estate of Johnson, 134 Cal. 662, 66 Pac. 847.

The respondent relies upon the decision of the New York Court of Appeals in Schultz v. Schultz, 35 N. Y. 653, 91 Am. Dec. 88. That was an action in equity to establish a lost or destroyed will. It appears from the opinion in that case that New York (in addition to a statute like § 8643, supra) had a statute which provided:

"Whenever any will of real or personal estate shall be lost or destroyed, by accident or design, the supreme court shall have power to take proof of the execution and validity of such will, and to establish the same as in the case of lost deeds." 35 N. Y. 654, 91 Am. Dec. 88.

No such provision exists in this state.

I agree that the order appealed from should be reversed, and the proceeding dismissed.

Bronson, J., concurs.