[Civ. No. 9956. Fourth Dist., Div. One. May 7, 1970.]

Estate of JUANITA V. LANE, Deceased.
KENNETH F. MACK et al., Plaintiffs and Appellants, v.
BANK OF AMERICA et al., Defendants and Respondents.

## COUNSEL

Marinos, Augustine & Delafield, Sullivan, Marinos, Augustine & Delafield, James S. Marinos, Ronald R. Hrusoff and Robert A. Prahl for Plaintiffs and Appellants.

Provence & Provence, Norma A. Mokma, Higgs, Jennings, Fletcher & Mack, Vincent E. Whelan, Joel C. Estes, Curran, Golden, McDevitt & Martin and O'Neill P. Martin for Defendants and Respondents.

## OPINION

**AULT, J.**—Contestants, Kenneth F. Mack and Alta Colleen Mack (Macks), appeal from a summary judgment dismissing their petition for revocation of probate and will contest.

Juanita V. Lane died on February 14, 1968. Her will, executed on April 3, 1967, and the codicil thereto, executed May 19, 1967, were admitted to probate on March 12, 1968. On July 25, 1968, the Macks filed a petition for revocation of the probate of the will and codicil on the ground the decedent lacked testamentary capacity. The Macks were not related to the decedent nor to her predeceased husband. They sought to establish standing to contest the will by showing they were the sole beneficiaries of a previous will executed by the decedent in October 1963.

After the contest was filed, respondents, the beneficiaries of the 1967 will, submitted written interrogatories to the contestants for answer. The Macks' answers indicated they could not produce the original 1963 will, but had a copy which had been furnished by the attorney who drew it. The answers also conceded contestants had no evidence to establish the 1963 will was in existence at the time of Mrs. Lane's death, or that it had been lost or destroyed fraudulently or through public calamity during her lifetime.

Respondents moved for summary judgment, basing their motion in part on Macks' answers to the written interrogatories and in part on the declaration of Richard W. Fleming, a trust officer of the Bank of America. Mr. Fleming's declaration established the bank had custody of decedent's 1963 will from October 31, 1963, until May 6, 1966, when it was delivered by the bank to Mrs. Lane at her request. The declaration incorporated a receipt for the will signed by the decedent.

The trial court granted the motion for summary judgment and entered judgment dismissing the contest on April 16, 1969. The Macks filed notice of appeal on May 22, 1969. The following day, their motion for an order allowing additional evidence and for entry of judgment in favor of contestants was denied on the ground the court lacked jurisdiction.

██ Only an "interested person" may contest a will before or after probate. (Prob. Code, §§ 370, 380.) An "interested person" is one who has ". . . such a pecuniary interest in the devolution of the testator's estate, as would be impaired or defeated by the probate of a will or be benefited by the setting aside of the will." (*Estate of Collins,* 268 Cal.App.2d 86, 91 [73 Cal.Rptr. 599].) (See also *Estate of Robinson,* 211 Cal.App.2d 556, 558 [27 Cal.Rptr. 441]; *Estate of Arbuckle,* 98 Cal.App.2d 562, 566 [220 P.2d 950, 23 A.L.R.2d 372].)

██ Since the Macks were unrelated to the decedent, or to her predeceased husband, their standing as "interested persons" must rest upon the 1963 will, under which they were the sole beneficiaries. (*Estate of Robinson,* 192 Cal.App.2d 847, 850 [13 Cal.Rptr. 842]; *Estate of Harootenian,* 38 Cal.2d 242, 248 [238 P.2d 992].) ██ The court may require proof of a contestant's interest or standing before proceeding with the trial of the contest. (*Estate of Plaut,* 27 Cal.2d 424, 426 [164 P.2d 765, 162 A.L.R. 837]; *Estate of Rodda,* 152 Cal.App.2d 300, 302 [313 P.2d 582].)

██ To establish status as "interested persons," with standing to contest the 1967 will, the Macks were required to make a prima facie showing they could prove the 1963 will as a lost or destroyed will under the provisions of Probate Code section 350. (*Estate of Arbuckle, supra,* 98 Cal.

App.2d 562, 567; *Estate of Robinson, supra,* 192 Cal.App.2d 847, 851; *Estate of Sherwood,* 123 Cal.App.2d 209, 217 [266 P.2d 580].)

Probate Code section 350 reads: "No will shall be proven as a lost or destroyed will unless proved to have been in existence at the time of the death of the testator, or shown to have been destroyed by public calamity, or destroyed fraudulently in the lifetime of the testator, without his knowledge; nor unless its provisions are clearly and distinctly proved by at least two credible witnesses."

Contestants urge the summary judgment was erroneously granted because affidavits filed in opposition to the motion indicated Mrs. Lane lacked testamentary capacity from before the date the original will was released to her in 1966 until the time of her death. They rely on the well established rule it requires the same testamentary capacity to revoke a will as to execute one. They argue a fact issue was presented which precluded the court from granting summary judgment. The argument misses the mark. Probate Code section 350 is not concerned with the rules governing revocation, which are set forth in Probate Code section 74, but with the legislative limitations placed upon the procedure by which a lost or destroyed will may be admitted to probate. (*Estate of Strickman,* 247 Cal.App.2d 469, 472 [55 Cal.Rptr. 606].)  ■  A will does not become operative merely because it was duly executed, and not revoked, in accordance with substantive law provisions. To achieve effectiveness, it must also meet the statutory requirements prescribed in the code for admission to probate. (*Estate of Patterson,* 155 Cal. 626, 636 [102 P. 941]; *Estate of Strickman, supra,* 247 Cal. App.2d 469, 472.)  ■  Insofar as lost or destroyed wills are concerned, those requirements are specifically spelled out in Probate Code section 350. The words "unless proved to have been in existence at the time of the death of the testator" may not be equated with proof the will has not been revoked. The word "existence," used in the code section, means "physical existence" rather than "legal existence." (*Estate of Strickman, supra,* 247 Cal.App.2d 469, 472; see also *Estate of Kidder,* 66 Cal. 487 [6 P. 326]; *Estate of Johnson,* 134 Cal. 662 [66 P. 847]; *Estate of Patterson, supra,* 155 Cal. 626, 634; 32 Cal.L.Rev. 221, 223.)

■  The entire thrust of contestants' argument thus becomes irrelevant. Whether Mrs. Lane had the capacity to revoke the 1963 will, between the time it was given into her possession in 1966 and the date of her death, is immaterial. Since contestants could not produce the original 1963 will, could not prove the will was in existence at the time of Mrs. Lane's death, and could not establish, and did not contend, the will had been lost or destroyed in her lifetime through fraud or public calamity, the will could

not be admitted to probate, was wholly inoperative, and cannot become the vehicle by which contestants achieve standing to contest the 1967 will. (Prob. Code, § 350; *Sparks* v. *Lauritzen,* 248 Cal.App.2d 269, 275 [56 Cal.Rptr. 370].)

The evidence before the court on the motion for summary judgment demonstrated the 1963 will could not be probated and that contestants were left without standing to contest the subsequent will. The trial court properly granted the motion and dismissed the contest.

What we have already stated, makes it unnecessary to discuss in detail the other basic question presented on appeal. Probate Code section 350 also requires the proponent of a lost or destroyed will to prove its provisions by two credible witnesses. Contestants' showing in this respect on the motion for summary judgment was, at the very least, technically deficient. Subsequent to the hearing, in an effort to overcome this deficiency, they filed declarations of the three attesting witnesses to the will and moved the court to allow additional evidence and deny the motion. One declaration was filed May 21, 1968; the other two were filed on May 23, 1968, the day the motion came on for hearing. As we have already indicated, judgment was entered on April 16, 1968, and the Macks filed notice of appeal on May 22, 1968. When the motion came on for hearing on May 23, 1968, the court ruled it was without jurisdiction to proceed. The ruling was correct; upon the filing of a notice of appeal, the trial court lost jurisdiction (Code Civ. Proc., § 976). (*Bracey* v. *Gray,* 71 Cal.App.2d 206 [162 P.2d 314].)

The judgment is affirmed.

Coughlin, Acting P. J., concurred.

Brown (Gerald), P. J., and Whelan, J., deeming themselves disqualified, did not participate in this case.

A petition for a rehearing was denied May 22, 1970, and appellants' petition for a hearing by the Supreme Court was denied July 1, 1970.