No. 12906

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

THE STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

L. R. BRETZ and GLORIA EUSEK CARDEN,

Defendants and Respondents.

---

Appeal from: District Court of the Eighth Judicial District, Honorable Truman G. Bradford, Judge presiding.

Counsel of Record:

For Appellant:

Hon. Robert L. Woodahl, Attorney General, Helena, Montana                     Asst.
Richard Dzivi, Special/Attorney General, Helena, Montana
Donald Eastman, Special/Attorney General and John P. Atkins argued, Helena, Montana

For Respondents:

Sandall, Moses and Cavan, Billings, Montana
Charles F. Moses argued, Billings, Montana

---

Submitted: April 10, 1975

Decided: APR 16 1975

Filed: APR 16 1975

Thomas J. Kearney
                    Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal by the state from an order granting respondent's motion for a change of venue from Cascade County to Lewis and Clark County.

On September 16, 1974, respondent Bretz, defendant in district court, was charged in Cascade County with fifty-eight felony counts. Ten days later he filed a motion for change of venue in two parts: (1) That Lewis and Clark County is the proper place for trial rather than Cascade County, and (2) that he could not receive a fair trial in Cascade County by reason of adverse publicity in the community.

Oral argument on the motion was held October 15, 1974. Bretz did not present any evidence in support of, and in fact abandoned, part (2) of his motion. He relied on part (1), arguing that Lewis and Clark County was the proper place for trial. In granting the motion for change of venue, the district judge observed that he hoped an appeal to this Court would settle the venue issue prior to a long trial.

The state raised six issues on appeal, however, we find it necessary to discuss but two.

First: Was Cascade County a county of proper venue?

Chapter 4, Title 95, Montana Code of Criminal Procedure, provides the answer in simple direct terms. Section 95-401, R.C.M. 1947, states the trial shall be in the county where the offense was committed. Section 95-402, R.C.M. 1947, provides that where two or more acts are requisite to the commission of an offense, trial may be in any county in which any of such acts occur. Section 95-408, R.C.M. 1947, provides "Where a person obtains property by larceny, robbery, false pretenses or embezzlement, he may be tried in any county in which he exerted control over such property."

Respondent was charged with fifty-two offenses involving either grand larceny, larceny by bailee or obtaining money by false pretenses. He was also charged with four counts of forgery and two counts of preparing false evidence. With respect to the larceny and false pretenses charges, it was alleged that respondent exercised control over the property in Cascade County. With respect to the forgery and preparing false evidence charges, it was alleged that at lease some of the acts requisite to the offenses charged occurred in Cascade County. Clearly Cascade County was a proper county for the case to be tried.

Some of the elements of the offenses charged may have occurred in whole or in part in other counties. However, that does not affect the problem of whether cascade County was a proper county for trial. Venue was proper in Cascade County.

Second: Was it error for the district court to order the trial moved to Lewis and Clark County, a county in which venue was allegedly also proper as to some of the counts? We hold it was error and reverse the order of the district court.

In Shields v. Shields, 115 Mont. 146, 139 P.2d 528, a civil case, this Court under similar circumstances held that if the county in which the action is brought and the one to which it is sought to have it transferred are both counties of proper venue, the action must stay where the complaint was filed. That same principle applies in a criminal case. If no prejudice or other legal reason is shown and the complaint or information is filed in a county of proper venue, that is where the trial is to be held. The district court was in error in ordering the trial moved to Lewis and Clark County.

On oral argument respondent advanced, for the first time, the the contention that sections 95-402 and 95-408, R.C.M. 1947, violate the Sixth Amendment of the United States Constitution and

Article II, Sec. 24, of the 1972 Montana Constitution. The latter guarantees a right to trial in "the county or district in which the offense is alleged to have been committed." His argument is that an offense can only be committed, i.e. "consummated", at the one point in time at which all the elements of the crime have occurred and, thus, there can be only one county of proper venue.

We do not agree and would not so define the word "committed". Cases have long recognized that statutes such as sections 95-402 and 95-408, R.C.M. 1947, do not violate constitutional guarantees. Brown v. Elliott, 225 U.S. 392, 400, 32 S.Ct. 812, 56 L.Ed. 1136; Travis v. United States, 364 U.S. 631, 636, 81 S.Ct. 358, 5 L ed 2d 340; American Tobacco Co. v. United States, 147 F.2d 93,120, affd. 328 U.S. 781, 66 S.Ct. 1125, 90 L.Ed. 1575; State v. Coon, 242 La.1019, 141 S.2d 350; State v. Harrington, 128 Vt. 242, 260 A.2d 692; State v. Moore, 189 Wash.680, 66 P.2d 836; 18 U.S.C. §3237.

The order of the district court is reversed and the cause is remanded for further proceedings not inconsistent with this Opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices.

- 4 -