No. 13297

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

THE STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

L. R. BRETZ and MERREL J. CLINE,

Defendants and Respondents.

---

Appeal from: District Court of the Third Judicial District,
Honorable Robert Boyd, Judge presiding.

Counsel of Record:

For Appellant:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Albert W. Meloling argued, Special Assistant Attorney
General, Helena, Montana
James J. Masar, County Attorney, Deer Lodge, Montana

For Respondent:

Morrison and Hedman, Whitefish, Montana
Frank Morrison argued, Whitefish, Montana
D. R. Matthews argued, Missoula, Montana

---

Submitted: April 7, 1976

Decided: APR 2 0 1976

Filed: APR 2 0 1976

Thomas J. Kearney
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal by the state of Montana from an order of the district court, Powell County, dated February 13, 1976, wherein the Honorable Robert J. Boyd granted a defense motion to transfer to Missoula County, counts VI through X inclusive of the amended information filed in Powell County October 23, 1975.

On August 27, 1975, the state of Montana filed an information and affidavit in support thereof in Powell County, charging L. R. Bretz and Merrel J. Cline in a five count information with the felonies of conspiracy and solicitation as specified in section 94-4-102, R.C.M. 1947 and section 94-4-101, R.C.M. 1947, respectively. The alleged criminal acts occurred in July 1975 in the state prison where Bretz and Cline were serving sentences for felony convictions.

As a result of the information, the two prisoners were transferred, by order of Warden Crist, to the Missoula County jail. While in the Missoula County jail, Bretz and Cline were alleged to have committed certain acts resulting in the filing of an amended information in Powell County, adding five new counts, VI through X: conspiracy to commit perjury, solicitation to commit perjury, tampering with witnesses, and fabrication of physical evidence. Each of these acts was alleged to have been done with direct regard to the then pending five counts previously filed in Powell County. Each alleged criminal act, however, was designated a separate and new crime occurring in Missoula County.

Counts VI through X, by the amended information became subject to defense motions for change of venue from Powell to Missoula County. On February 13, 1976, Judge Boyd granted the motions, ordering venue changed to Missoula County on Counts VI through X of the amended information. Subsequently, Judge Boyd

was disqualified and Judge Jack Green assumed jurisdiction of the original information case still pending in Powell County.

The sole issue on this appeal is whether the proper place for venue of counts VI through X of the amended information is in Powell County or Missoula County.

It is the position of the State in its amended information and supporting affidavit that the alleged criminal acts in Missoula County, comprising counts VI through X, constituted a calculated attempt to destroy the credibility of one Jack LaMere, a state witness expected to testify as to the alleged criminal activities in Powell County specified in counts I through V. For purposes of brevity and clarity, we set forth count No. IX of the amended information as illustrative of the State's position:

> "For a further and separate cause of action, being a different offense of the same class of crimes and offenses and connected in its commission with all preceding counts hereof, the said defendants, L. R. BRETZ and MERREL J. CLINE, then and there being, then and there willfully, purposely, knowlingly, wrongfully, and feloniously, on or about and between the dates of August 25, 1975 and October 22, 1975, at and in the County of Missoula, State of Montana, did commit the crime of TAMPERING WITH WITNESSES, a felony, as specified in Section 94-7-207, R.C.M. 1947, in that said defendants L. R. BRETZ and MERREL J. CLINE, did purposely, knowingly, willfully, wrongfully, unlawfully and feloniously attempt to induce and otherwise cause a witness to testify and inform falsely and withhold testimony and information while believing that official proceedings and investigations were pending in the District Court of the Third Judicial District of the State of Montana, in and for the County of Powell, entitled THE STATE OF MONTANA, Plaintiff, vs. L. R. BRETZ and MERREL J. CLINE, Defendants * * *". (Emphasis supplied.)

Section 95-402, R.C.M. 1947, provides that where an offense is committed partly in one county and partly in another:

> "Where two (2) or more acts are requisite to the commission of any offense, the trial may be in any county in which any of such acts occur." (Emphasis supplied).

The Revised Commission Comment in interpreting this particular statute said:

> "This provision allows the trial to take place in the most convenient county where an element of the offense occurred. * * * The only elements of the crime which are of interest are those acts constituting or requisite to the consummation of the offense; the trial of the case may be held in any county in which such acts occur."

The Commission comment cites State v. Cassill, 70 Mont. 433, 227 P. 49.

Considering again count No. IX, "Tampering with Witnesses" and keeping in mind the specific language of section 95-402 hereinbefore underlined, " * * * acts * * * requisite to the commission" of the crime charged, we note that this particular count correctly states the elements of the offense of tampering with a witness, pursuant to section 94-7-207, R.C.M. 1947, by alleging the act of tampering in Missoula County " * * * while believing that official proceedings and investigations were pending * * * in and for the County of Powell, entitled THE STATE OF MONTANA, Plaintiff, vs. L. R. BRETZ and MERREL J. CLINE, Defendants * * *". Thus, since the acts requisite to the commission of the alleged offense of tampering with a witness occurred in both counties, Powell and Missoula, count No. IX cannot stand independent of the Powell County charges under the facts alleged. This same rationale can be applied to counts VI, VII, VIII, and X.

Respondents urge that State v. Rother, 130 Mont. 357, 361, 303 P.2d 393 is controlling and requires a contrary result. In Rother, by a 3 to 2 majority, this Court held that the crime of perjury by swearing to a false affidavit in Lake County before a Notary Public, was complete in itself in that county even though the false affidavit was submitted to the State Board of Equalization in Lewis and Clark County. The Rother case was narrowly construed under our statute prior to section 95-402. The

- 4 -

majority opinion indicated however that had the crime been more than perjury, such as we might now have by the count system provided for in Title 95, adopted effective January 1, 1968, the same time the new venue statutes were adopted, the results would have been different. The Court said in Rother, p. 361:

> "This is not a case where the crime is committed in more than one county under the record before us. True, had the record shown that the defendant after making the affidavit carried it to Lewis and Clark County and there placed it before the state board of equalization, then it may be the jurisdiction rested in either Lake or Lewis & Clark County. But there is no evidence here that the defendant brought the affidavit to Helena in person."

Finally, though both Powell and Missoula Counties would have been proper counties for venue purposes initially under our interpretation of section 95-402, once the information was filed in Powell County that is where the action must stay. See State v. Bretz, 166 Mont. 444, 534 P.2d 496, 32 St.Rep. 374. Therefore the district court erred in transferring counts VI through X to Missoula.

The order of Judge Robert Boyd changing venue to Missoula County is reversed and set aside and counts VI through X of the amended information are ordered transferred back to Powell County as a part of the amended information for trial.

_Wesley Castles_
Justice

We concur:

_James T. Harrison_
Chief Justice

_John Conway Harrison_
Justice

- 5 -

Mr. Justice Frank I. Haswell and Mr. Justice Gene B. Daly dissenting:

We would affirm Judge Boyd's order changing the place of trial of Counts VI through X to Missoula County.

The amended information expressly charges that each of these crimes was committed "at and in the County of Missoula, State of Montana". Defendants' conduct forming the basis of each charge is specifically alleged to have occurred "while the said defendants were physically confined in the Missoula County jail situated at Missoula, Montana". Both the Montana Constitution and a Montana statute require trial to be held in the county where the alleged crime was committed. Art. II, Sec. 24, Montana Constitution; section 95-401, R.C.M. 1947.

The majority conclude that the pendency of criminal charges against the defendants in Powell County is "requisite to the commission" of the crimes charged in Counts VI through X and therefore all charges should be tried in Powell County. We disagree.

While it is arguable that the pending charges in Powell County furnished the motive for commission of the crimes charged in Counts VI through X, such motive is no element or requisite of the latter charges. The alleged crimes of conspiracy to commit perjury, solicitation to commit perjury, tampering with witnesses, and fabrication of physical evidence were complete in themselves by the alleged conduct of the defendants with or without a pending criminal proceeding against them in Powell County. If the law were otherwise, a defendant could never be charged with these crimes absent pending proceedings against him.

For these reasons, we dissent.

_____
Frank I. Haswell

_____
Gene B. Daly