No. 13550

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

L. R. BRETZ AND MERREL J. CLINE,

Defendants and Appellants.

Appeal from: District Court of the Third Judicial District,
Honorable Jack Green, Judge presiding.

Counsel of Record:

For Appellants:

Frank B. Morrison, Sr. argued, Whitefish, Montana
Donald E. Hedman argued, Whitefish, Montana
Richard Anderson argued, Billings, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Robert Keller, Special Assistant Attorney General,
 argued, Kalispell, Montana
James Masar, County Attorney, Deer Lodge, Montana

Submitted: June 16, 1978

Decided: FEB - 5 1979

Filed: FEB - 5 1979

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Defendants L. R. Bretz and Merrel J. Cline each appeal from judgments of conviction against them on June 18, 1976, based on verdicts of guilty for certain criminal offenses after jury trial.

On August 27, 1975, L. R. Bretz and Merrel J. Cline were charged in a five-count information with criminal acts alleged to have occurred while the two were serving time on prior convictions within the prison at Deer Lodge. The original information charged conspiracy and solicitation to assassinate the then attorney general, Robert L. Woodahl and his special assistant, Richard Dzivi.

After the original information was filed, both defendants were transferred to the Missoula County jail to await trial on the assassination charges. While in the Missoula County jail, Bretz and Cline were alleged to have committed certain acts which resulted in the filing of an amended information in Powell County District Court, adding five new counts. The new counts again charged conspiracy and solicitation against defendants, alleging efforts on the part of defendants to secure perjured testimony from two Missoula County jail inmates, Walter Lee Fox and John Eugene Hendricks, regarding the character of prosecution witnesses in the original conspiracy and assassination counts.

The District Court granted defendants' motion for a change of venue as to the last five counts from Deer Lodge County to Missoula County. The State appealed and the grant of change of venue was reversed by this Court in a divided opinion. (State v. Bretz and Cline (1976), 169 Mont. 505, 548 P.2d 949.)

The case was tried before a jury in Powell County and verdicts were returned. Defendant Bretz was found guilty on count VI, conspiracy to commit the crime of perjury by

-2-

encouraging Walter Lee Fox and John Eugene Hendricks to make false statements under oath; count VII, solicitation of Walter Lee Fox to commit the crime of perjury; count IX, tampering with witnesses by attempting to induce John Eugene Hendricks and Walter Lee Fox to testify falsely during the trial of the case; and count X, fabricating physical evidence, relating to statements of Walter Lee Fox and John Eugene Hendricks, for the purpose of discrediting the credibility of Jack LaMere as a witness in the case. Defendant Bretz was found not guilty on all other counts.

Defendant Cline was found guilty of count VI and was found not guilty on all other counts.

Thus all the counts upon which convictions were obtained relate to actions alleged to have occurred in Missoula County, and not in Powell County, the place of trial.

After the jury verdicts, judgments were entered against each of the defendants. Cline was sentenced to six years in prison. Bretz was sentenced to a six-year term on his conviction under count VI; imposition of sentence on his convictions on the other counts was deferred. Both defendants were then serving prison terms for prior convictions and these sentences were imposed to run consecutively to those received for the prior convictions. This Court ultimately reversed Cline's prior conviction, and affirmed Bretz's, in State v. Cline and Bretz (1976), 170 Mont. 520, 555 P.2d 724. Appeals were duly taken by both defendants to this Court.

Out of the welter of issues raised by appellants in this Court, we find merit in two and reverse the convictions on those grounds.

The first issue relates to the amendment by the trial judge, while the jury was deliberating, of instruction No. 6. It was given without objection by either defendants or the State and in part instructed the jury:

> "Said defendants are also charged in the same information with the following crimes alleged to have committed in Missoula County, Montana, between August 25, 1975, and October 22, 1975:
>
> "Count Six: Conspiracy to commit the crime of perjury by encouraging Walter Lee Fox and John Eugene Hendricks to make false statements under oath or equivalent affirmation." (Emphasis supplied.)

(The other counts were also charged conjointly.)

The jury deliberated for two days after the case was submitted to it, and on the second day, before the jury had arrived at a verdict, the court informed counsel that the preceeding evening, a Friday night, the bailiff had received a question from the jury as to the interpretation of instruction No. 6. The transcript reveals that the court advised the parties respecting the amendments on the following morning as follows:

> "THE COURT: I wish to advise counsel that last night, that would be Friday night, the bailiff had a question from the jury as to the interpretation of instruction no. 6, where the word 'and' was used between Fox and Hendricks. I advised the jury in connection to those paragraphs, starting with no. 6, that it should be amended to read 'or', does the State have any objections with that?
>
> "MR. GILBERT: No objections.
>
> "THE COURT: Does the defendant Bretz have any objection?
>
> "MR. TRIEWEILER: No objections.
>
> "MR. MATTHEWS: No objection."

-4-

Both Bretz and Cline contend that the court's action in amending instruction No. 6 constituted an amendment of the information under which the defendants were charged, that the amendment was material and substantially prejudiced the rights of the defendants.

The State contends that the amendment did not constitute a change of the offense charged; that had the State moved to amend the information at that time, the motion would undoubtedly have been granted; and that the defendants were each fully prepared to defend as to Walter Lee Fox _or_ John Eugene Hendricks so the change did not increase or lessen the defense burden.

The State contends that the recitation by the court to counsel later about the amendment was also without objection. The State however, concedes this is raising a technicality to meet a technicality, and that the real concern facing this Court is whether or not the amendment was one of substance.

The statute which mandates procedure when the jury is deliberating in such cases is section 95-1913(d), R.C.M. 1947. It states:

> "(d) After Retirement, May Return into Court for Information. After the jury has retired for deliberation, if there be any disagreement among them as to the testimony, or if they desire to be informed on any point of law arising in the cause, they must require the officer to conduct them into court. Upon being brought into court, the information requested may be given in the discretion of the court; if such information is given it must be given in the presence of the county attorney and the defendant and his counsel."

Obviously the statute was not followed in this case.

In State v. Herron (1975), 169 Mont. 193, 198, 545 P.2d 678, we held that as a general rule additional instructions to the jury must comply with the law and failure to follow the law constitutes reversible error. The instruction as amended constituted a substantial departure from the crime that had been charged. The information and the instructions as argued by counsel by both defendants had required proof of the involvement of Hendricks and Fox. Hendricks did not testify. The jury was obviously at sea with respect to the use of the conjunctive and so asked further instructions. When the court communicated to the jury neither counsel for the State nor the defendants were present. The amendment of the instruction permitted the jury to convict the defendants if they found that one only of the two persons named were involved. Thus, a material variance occurred which requires reversal.

The second issue on which we reverse brings us back to the question of venue of counts VI through X of the amended information, all of which were alleged to have occurred in Missoula County.

In the prior decision of this Court, with respect to the venue question (169 Mont. 505, 548 P.2d 949), the majority felt that the additional counts arising out of the alleged acts in Missoula County could not stand independently of the alleged acts in Powell County and therefore that venue in Powell County must be sustained since the first information was filed there. The anomaly now is that as a result of the acquittals, the convictions relate only to alleged acts in Missoula County, and on retrial would concern only allegations arising out of Missoula County.

In State v. Zimmerman (1977), _____ Mont. _____, 573 P.2d 174, 34 St.Rep. 1561, we held that an earlier erroneous

-6-

decision of this Court is not necessarily binding as the law of the case in a subsequent appeal. The exception to the general rule of law of the case arises where the cause on appeal must be remanded to the District Court for further proceedings because of reversal on an unrelated issue. When that occurs, this Court may correct "a manifest error in its former opinion" and announce a different ruling to be applied prospectively to the future proceedings in the case. (573 P.2d 178, 34 St.Rep. 1566). We also noted that the exception is more readily applied where the prior decision is by a divided court. Perkins v. Kramer (1948), 121 Mont. 595, 198 P.2d 475. We hold therefore that, especially in the light of subsequent events, the decision respecting venue in our prior opinion is in fact erroneous, and now this cause fits within the general exception to the rule on law of the case; that is, we find that the proper venue for this cause is in the District Court in Missoula County.

Defendants raised a number of other issues on their appeals, but there is no need for this Court now to examine those issues critically because of our decision here. Essentially those issues relate to the sufficiency of the evidence to support the convictions which were obtained, or to whether the testimony of an accomplice had been corroborated. Since the counts upon which convictions were obtained must now be retried, it would be bootless to search the more than three thousand pages of transcript to determine whether the corroborating evidence was sufficient under State v. Cobb (1926), 76 Mont. 89, 92, 245 P. 265, or whether otherwise the evidence was sufficient to sustain the convictions.

On one issue, raised by defendant Cline, however, we do wish to make comment. He contends that the District Court erred in denying his motion for a separate trial from his codefendant Bretz. He points out that the defendant Bretz

-7-

exercised the right of peremptory disqualification of the trial judge, and when the second judge assumed jurisdiction, Cline had no similar right to disqualify that judge, because under section 95-1709, R.C.M. 1947, defendants may not peremptorily disqualify more than one judge. Cline contends that because Bretz exercised the disqualification first, he was not given a like opportunity and therefore was not accorded equal protection of the law under 1972 Mont. Const. Art. II, §4.

This contention is now moot because under the order of this Court dated December 26, 1976, entitled Disqualification and substitution of judges (34 St.Rep. 26), each defendant in a criminal proceedings is now entitled to one substitution of a judge. Section 95-1709, R.C.M. 1947, has been superseded by this order.

The convictions of each of the defendants are vacated and the cause is remanded to the District Court for further proceedings in accordance with this opinion.

_____
                                Justice

We Concur:

_____
                Chief Justice

_____

_____
                Justices

_____
Hon. LeRoy L. McKinnon,
District Court Judge, sitting
in for Mr. Justice Daniel J.
Shea

STATE -vs- BRETZ & CLINE                    # 13550

I respectfully dissent from the foregoing opinion.

The majority opinion has found merit in two of the issues raised on appeal. The first of said issues relates to a charge in the information, and to instruction number 6, covering said charge.

The charges:  "Count Six: Conspiracy to commit the crime of perjury by encouraging Walter Lee Fox <u>and</u> John Eugene Hendricks to make false statements under oath or equivalent affirmation", emphasis added.

No proof was offered as to John Eugene Hendricks. No motion was made to conform the pleading to the proof. Instruction number six used the same conjunctive form "and", and was given without objection.

Looking back it would seem that the charge should have used the "and/or" form, a motion to conform should have been made, and the instruction should have been worded in the singular.

The ultimate fact is that when the prosecution rested, the defendants knew that the part of the charge pertaining to Hendricks was dropped, and that they need not defend against it. This in no way changed the burden of defense unless to lighten it slightly, and certainly the defendants were in no way mis-led or prejudiced in their defense.

The jury was confused by the conjunctive form of the instruction when there was proof as to conspiring with one person only. They raised the question to the bailiff. The judge then advised them that instruction six should be amended to read "or".

It was such a simple little thing, and there was only one way to correct it, and this led the trial judge into technical error.

-9-

The judge promptly advised counsel on both sides of what had transpired, and both sides affirmatively stated they had no objection. At that point, no verdict had been reached. Upon objection from either side the judge could have convened the court and straightened out the whole matter, and the net result would have been the same.

"Although communications between judge and jury outside of the presence of party on trial are frowned upon, prejudice is not to be presumed therefrom, but rather must be established before any verdict of guilty can be reversed on such ground. (Citing cases) Donald Wiseman v The People of the State of Colorado, ~~the State of Colorado,~~ 179 Col. 101, 498 P 2d 930." Quoted in People v Lovato, _____ Col._____, 507 P2d 860.

Ballantine's Law Dictionary Third Edition at page 1334 defines variance, and the last paragraph thereof is as follows:

> "In a criminal case, a variance is an essential difference between the accusation and the proof, and the variance is not material unless it is such as to mislead the defense, or expose the defendant to the injury of being put twice in jeopardy for the same offense. Brashears v State, 38 Okla Crim 175, 259 P 665."

Black's Law Dictionary, Third Edition, at page 1800 is to the same effect with some additional citations.

In this case, there was no variance which would lead to any different defense, if anything, it would reduce the necessary defense. Neither would it lead to a possibility of either defendant being put twice in jeopardy. All alleged conspirators were identified, and there could be no further prosecution on the facts giving rise to this case.

As to the question of venue, that same question was before this court in this same case, and was ruled upon. See

-10-

State v Bretz and Cline, 169 Mont. 505, 548 P2d 949.

> "The general rule in Montana is that where a decision has been rendered by the Supreme Court on a particular issue between the same parties in the same case, whether that decision is right or wrong, such decision is binding on the parties and the courts and cannot be relitigated in a subsequent appeal. (Citing cases)"

> *      *      *      *

> "The sole exception to the 'right or wrong' rule recognized by this court was articultated in State v Zimmerman (1977)_____ Mont. _____, 573 P2d 174, 178, 34 St. Rep. 1561, 1566:

> 'In any event, an exception to this general rule exists where the case must be remanded to the district court for further proceedings because of reversal on an unrelated issue. In such cases this Court may correct a manifest error in its former opinion and announce a different ruling to be applied prospectively to future proceedings in the case. . . . Belgrade State Bank v Swainson, _____ Mont. _____, 35 St. Rep. 549, 549B.'"

Since I find no reversible error, I would not reach the question of venue. As far as fundamental fairness, I doubt there is much to choose between an impartial jury, duly selected, in Missoula County, as compared to its counterpart in Powell County. I would affirm the judgment.

LeRoy L. McKinnon, District Judge, sitting in for Mr. Justice Daniel J. Shea.

-11-