LeROY L. McKINNON, District Judge, sitting for JUSTICE SHEA,
dissenting.
I respectfully dissent from the foregoing opinion.
The majority opinion has found merit in two of the issues raised on appeal. The first of said issues relates to a charge in the information, and to instruction number 6, covering said charge.
The charges: “Count Six: Conspiracy to commit the crime of perjury by encouraging Walter Lee Fox and John Eugene Hendricks to make false statements under oath or equivalent affirmation”, emphasis added.
No proof was offered as to John Eugene Hendricks. No motion was made to conform the pleading to the proof. Instruction number six used the same conjunctive form “and”, and was given without objection.
Looking back it would seem that the charge should have used the “and/for” form, a motion to conform should have been made, and the instruction should have been worded in the singular.
The ultimate fact is that when the prosecution rested, the defendants knew that the part of the charge pertaining to Hendricks was dropped, and that they need not defend against it. This in no way changed the burden of defense unless to lighten it slightly, and certainly the defendants were in no way mis-led or prejudiced in their defense.
The jury was confused by the conjunctive form of the instruction when there was proof as to conspiring with one person only. They raised the question to the bailiff. The judge then advised them that instruction six should be amended to read “or”.
It was such a simple little thing, and there was only one way to correct it, and this led the trial judge into technical error.
*315 The judge promptly advised counsel on both sides of what had transpired, and both sides affirmatively stated they had no objection. At that point, no verdict had been reached. Upon objection ffom either side the judge could have convened the court and straightened out the whole matter, and the net result would have been the Same.
“Although communications between judge and jury outside of the presence of party on trial are frowned upon, prejudice is not to be presumed therefrom, but rather must be established before any verdict of guilty can be reversed on such ground.. [Citing cases] Wiseman v. The People of the State of Colorado, 1979 Colo. 101, 498 P.2d 930.” Quoted in People v. Lovato, 181 Colo. 99, 507 P.2d 860.
Ballantine’s Law Dictionary Third Edition at-page 1334 defines variance, and the last paragraph thereof is as follows:
“In a criminal case, a variance is an essential difference between the accusation and the proof, and the variance is not material unless it is such as to misled the defense, or expose the defendant to the injury of being put twice in jeopardy for the same offense. Brashears v. State, 38 Okl.Crim. 175, 259 P. 665.”
Black‘s Law Dictionary, Third Edition, at page 1800 is to the same effect with some additional citations.
In this case, there was no variance which would lead to any different defense, if anything, it would reduce the necessary defense. Neither would it lead to a possibility of either defendant being put twice in jeopardy. All alleged conspirators were identified, and there could be no further prosecution on the facts giving rise to this case.
As to the question of venue, that same question was before this court in the same case, and was ruled upon. See State v. Bretz and Cline, 169 Mont. 505, 548 P.2d 949.
“The general rule in Montana is that where a decision has been rendered by the Supreme Court on a particular issue between the same parties in the same case, whether that decision is right or *316 wrong, such decision is binding on the parties and the courts cannot be relitigated in a subsequent appeal. (Citing cases)”
“The sole exception to the ‘right or wrong’ rule recognized by this court was articulated in State v. Zimmerman (1977), 175 Mont. 179, 573 P.2d 174, 178:
‘In any event, an exception to this general rule exists where the case must be remanded to the district court for further proceedings because of reversal on an unrelated issue. In such cases this Court may correct a manifest error in its former opinion and announce a different ruling to be applied prospectively to future proceedings in, the case. . . . Belgrade State Bank V. Swainson, 176 Mont. 444, 578 P.2d 1166.’”
Since I find no reversible error, I would not reach the question of venue. As far as fundamental fairness, I doubt there is much to choose between an impartial jury, duly selected, in Missoula County, as compared to its counterpart in Powell County. I would affirm the judgment.