No. 79-12

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

THE DEPARTMENT OF REVENUE
OF THE STATE OF MONTANA,

Plaintiff and Appellant,

vs.

WALDEMAR W. and EVEDINE
L. LANE,

Defendant and Respondent.

---

Appeal from:   District Court of the First Judicial District,
               In and For the County of Lewis and Clark
               Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

    For Appellant:

        R. Bruce McGinnis, Dept. of Revenue, Helena, Montana

    For Respondent:

        Waldemar W. Lane and Evidine L. Lana, Pro Se,
        Plentywood, Montana

---

Submitted on briefs: January 25, 1980

Decided: APR 9 - 1980

Filed:     APR 9 - 1980

Thomas J. Kearney
                                          Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal by the State of Montana from an order of the District Court of the First Judicial District, in and for the County of Lewis and Clark, granting a change of venue in a criminal prosecution.

Defendants in this action were charged with the offense of intentionally failing to make or render a properly completed Montana Individual Income Tax Return. Defendants initially appeared on August 16, 1979, and their arraignment was set for August 23, 1979. On that day, defendants failed to appear. The District Court contacted defendants by telephone and accepted an oral motion for a change of venue. Pursuant to the court's order, the State filed its brief in opposition to this motion on September 11, 1979. The motion was granted on September 26, 1979, and the State brings this appeal.

The State properly filed its brief on appeal with this Court on November 9, 1979. Respondents failed to file a brief within the appropriate time as set by Rule 26(a), M.R.App.Civ.P., and the State filed a motion with this Court asking that the case be decided on its brief. We granted respondents an additional ten days to file their brief. Respondents again failed to file a brief, and on January 25, 1980, this Court issued an order submitting this case for decision on appellant's brief.

The sole issue presented for review is whether the District Court erred in changing the venue of this action from Lewis and Clark County to Sheridan County.

Section 46-3-101(1), MCA, provides:

"In all criminal prosecutions the trial shall be in the county where the offense was committed unless otherwise provided by law."

Section 46-3-102, MCA, provides:

"Where two or more acts are requisite to the commission of any offense, the trial may be in any county in which any of such acts occur."

The commission comment to section 46-3-102, MCA, reads:

"This provision allows the trial to take place in the most convenient county where an element of the offense occurred. It does not matter if the final consummation of the offense occurred in another county. The only elements of the crime which are of interest are those acts constituting or requisite to the consummation of the offense; the trial of the case may be held in any county in which such acts occur."

The State contends that under section 15-30-144, MCA, income tax returns are required to be filed with the Department of Revenue, which is further required to be located at Helena, Montana, by section 2-15-112, MCA. Consequently, it argues the offense of failing to file a return or to provide information as set out in section 15-30-321, MCA, is committed in Lewis and Clark County, and therefore, venue properly lies in Lewis and Clark County under section 46-3-101, MCA.

The District Court concluded:

"To constitute a violation of the income tax law, the individual so charged must have had gross income in excess of $750.00 per year. Thus the act of earning more than $750.00 per year becomes an element of the offense and since the defendants' income was earned in Sheridan County, Section 46-3-102, MCA is applicable."

The court cited sections 25-2-201 and 25-2-108, MCA (dealing with changing the place of civil trial when convenience of witnesses and ends of justice would be promoted by the change and preference as to defendants' place of residence for civil trials, respectively), and the commission comment to section 46-3-102, MCA, and held:

". . . it is the opinion of this Court that the ends of justice are promoted by having the trial in the county of the residence of the

defendants where the jury would be from their immediate peers and would provide a trial in a place to obviate the necessity of the defendants traveling 500 miles from their home and business affairs."

We agree with the State and the District Court that venue would lie in either Lewis and Clark County or Sheridan County. This Court has had occasion under similar circumstances to decide this question before. In State v. Bretz (1975), 166 Mont. 444, 534 P.2d 496, we cited Shields v. Shields (1943), 115 Mont. 146, 139 P.2d 528, and stated:

". . . if the county in which the action is brought and the one to which it is sought to have it transferred are both counties of proper venue, the action must stay where the complaint was filed. That same principle applies in a criminal case. If no prejudice or other legal reason is shown and the complaint or information is filed in a county of proper venue that is where the trial is to be held. . ." 534 P.2d at 497. (Emphasis supplied.)

See also, State v. Bretz (1976), 169 Mont. 505, 548 P.2d 949, 951. Here, no prejudice or other legal reason was shown for the change to Sheridan County. The case was filed in Lewis and Clark County, a county of proper venue. The District Court erred in ordering the trial moved to Sheridan County.

Reversed.

_____
                    Justice

We concur:

_____
        Chief Justice

_____
                  Justices

-4-

Mr. Justice John C. Sheehy dissenting:

Defendants are charged with the misdemeanor offense of failing to file state income tax returns, as such offense is defined in section 15-30-321(3), MCA.

Section 15-30-321 does not specifically define the place of commission of an offense of failure to file state income tax returns. In that case, ordinarily, the site of the crime is determined from the nature of the crime and the location of the acts or omissions constituting the offense. United States v. Anderson (1946), 328 U.S. 699, 66 S.Ct. 1213, 90 L.Ed.1529.

I cannot agree that merely because the office of the Department of Revenue is in Helena, where all state income tax returns are collected, that persons acting outside the county of Lewis and Clark are subject to criminal prosecution in Lewis and Clark County because the result of their acts or omissions outside that county is that the persons' returns have not been collected in Lewis and Clark County.

The nature of the crime and the acts or omissions constituting the crime all occurred in Sheridan County. Only the result, the failure to have a return in the mail for the department to collect, occurred in Lewis and Clark County. But on that bare ground, these defendants are required to travel 500 miles to defend themselves. To be sure, the rule in the Ninth Circuit is different. Failure to file a federal income tax return is an offense at the defendants residence, or at the collection point where the return is to be collected. U.S. v. Clinton (C.A. 1978), 574 F.2d 464, cert.den. 99 S.Ct. 106. However, in the Ninth Circuit case, the District Court had already transferred venue to the district of defendant's residence. I find no case where the federal government has insisted that a nonfiler of returns be tried 500 miles from home.

Since the Department of Revenue is the initiator of all prosecutions for this offense, what the majority has done in effect is to require all persons charged with income tax violations to face trial in Helena regardless of residence.

The District Court ruled on different grounds, but I agree with its result, and would affirm.

_____
                                Justice

I agree with the foregoing dissent.

_____
                                Justice