No. 21550.

ALFONSO M. NIETO *v*. THE PEOPLE OF THE
STATE OF COLORADO.
(415 P.2d 531)

Decided June 20, 1966.

THOMAS T. FARLEY, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, ROBERT C. MILLER, Assistant, GEORGE H. SIBLEY, Special Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

ALFONSO M. NIETO was found guilty of felonious escape from the State Honor Farm where he was a confined felon. Error is alleged in that: first, the trial court admitted improper documentary evidence of Nieto's identity as a confined felon; and second, the trial court orally qualified its tenth instruction.

Nieto and four inmate companions obtained a large quantity of wine which they consumed on the premises

of the State Honor Farm. One participant, a mechanic, had access to a prison truck, and, their thirsts not having been slaked, they all set out to obtain more libation. There was evidence that, on leaving the Honor Farm, Nieto was feeling the effects of this winebibbing somewhat more than his fellows; he had, in fact, to be bundled into the truck. After purchasing a quart of whiskey, a quart of vodka, and twelve cans of beer, part of which was consumed on the spot, the merry band started off in the truck, and, somewhat understandably, became lost.

It was Nieto's contention, supported by some evidence, that upon coming to his senses and noting he no longer was on the Honor Farm, he immediately disassociated himself from the carousal. Nieto allegedly seized the truck's steering wheel and the vehicle left the road. Nieto claims an altercation with his companions then followed, caused by his anger at having been taken from the Farm.

At this stage of events, the Honor Farm's officer in charge happened along the very road upon which the prison truck and its occupants had stopped. Recognizing both truck and men, he brought the felons to bay.

Nieto and his companions were charged with felonious escape under C.R.S. 1963, 40-7-53. All save Nieto pled guilty. His defense was that he was too drunk to form the state of mind necessary for commission of the offense. A trial resulted in a jury verdict of guilty and the alleged errors before us. We will consider them in the order recounted in the first paragraph of this opinion.

■ Nieto's first contention of error is that he was not adequately proved to be a person who ". . . after being found guilty of a felony by a court or jury or after pleading guilty to a felony . . ." was ". . . being held in jail or . . . in the custody of any person lawfully having charge of him . . ." as required by C.R.S. 1963, 40-7-53. In short, he claims his identity was not law-

fully established; in particular, he claims the documents used to establish his identity were not properly authenticated under Rule 27 of the Colorado Rules of Criminal Procedure and Rule 44(a) of the Colorado Rules of Civil Procedure and the explicit requirements therein contained.

We feel it is unnecessary, in the present case, to consider this matter exhaustively. Nieto himself took the witness stand and testified, as of his own knowledge, to every fact sought to have been established by the offered documents. Any error was therefore harmless. However, absent this vital testimony, the lack of strict compliance with the appropriate rules of procedure in authenticating documents would present serious questions for this court to consider. We perceive no reason why, especially in criminal cases, the mandates of our statutes may be treated lightly rather than being rigidly complied with.

We turn now to the more substantial allegation of error concerning conduct of the court with reference to oral "qualification" of its instructions. The court instructed the jury at the conclusion of the case and they retired, after counsels' closing statements, to deliberate. Late that evening, the judge called the jury from their deliberations and asked if anything was troubling them. He was told the jury was having difficulty with the court's tenth instruction, which reads as follows:

"The statutes of this state provide that drunkenness shall not be an excuse for a crime or misdemeanor unless such drunkenness be occasioned by fraud, contrivance or force of some other person or persons for the purpose of causing the perpetration of an offense. But you are instructed, nevertheless, that you may consider whether or not at the time of the alleged escape the defendant was under the influence of any intoxicating liquor to such an extent as to be incapable of forming the intent to escape, and if so, you could find him not guilty, or if, upon a consideration of all the evidence,

you have a reasonable doubt with reference thereto, you should find the defendant not guilty."

By way of explanation, the court proceeded to re-read to the jury the entire instruction and then, in substance, repeated the first sentence. After so doing, the court gave to the jury the so-called "thirteenth" or "third degree" instruction, urging them to reach a decision. All this transpired out of the presence of defendant's counsel, although Nieto himself was present. A short time later the jury returned a verdict of guilty.

It was serious error for the trial court to deal with the tenth instruction as it did. All instructions must be submitted to the jury in writing. C.R.S. 1963, 39-7-19. Failure to do so has always been held in this state to be error. *Dorsett v. Crew,* 1 Colo. 18; *Gile v. The People,* 1 Colo. 60; *Davis v. The People,* 83 Colo. 295, 264 Pac. 658. Here, although the original instruction was submitted in writing, it was later partially restated orally. This was an impermissible violation of the above rule. See *Ray v. Wooters,* 19 Ill. 82.

Additionally prejudicial is the fact that only part of the given instruction was so restated. This undoubtedly had the effect of unduly emphasizing the first sentence of the instruction to the exclusion of the second. This emphasis was improper. The argument is made before this court that the emphasis was harmless error because the second sentence of the tenth instruction misstates the law to the defendant's advantage. The contention is without merit. *Gallegos v. The People,* 159 Colo. 379, 411 P.2d 956.

The trial court compounded the error by proceeding without defense counsel being present. The right to counsel at this stage of proceedings is fundamental. It is imbedded in the constitutions of both this state and nation. U.S. Const., amend. VI; Colo. Const., art. II, § 16. The court knew where defense counsel could be found. Had it simply waited until his presence could be obtained, it is doubtful (the court's protestations to the

contrary notwithstanding) that any reversible error would have transpired over his objection.

■ Although not formally noted as error, this court feels impelled to note as dubious practice the giving of the "thirteenth" instruction under the facts of this case. It does not appear that the jury had been deliberating for so long a time as to warrant the court to take this step. We have in the recent past noted that this can amount to improper coercion of the jury by the court. *Mogan v. The People,* 157 Colo. 395, 402 P.2d 928. And while the facts of that case exhibit an abuse more patent than that which occurred here, caution ought to be exercised in so instructing a jury in the relatively early stages of its deliberations when counsel's consent has not first been obtained.

The judgment is reversed.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE PRINGLE concur.