## No. 23856

## Donald Wiseman v. The People of the State of Colorado
(498 P.2d 930)

Decided June 26, 1972.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Edward H. Sherman, Public Defender in and for the City and County of Denver, William J. Chisholm,

Public Defender, Thomas M. Van Cleave, Deputy, David G. Manter, Assistant, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Michael T. Haley, Assistant, John E. Bush, Assistant, for defendant in error.

*Per Curiam.*

Donald Wiseman, plaintiff in error, was convicted by a jury in the district court of the City and County of Denver of the crime of statutory rape in violation of C.R.S. 1963, 40-2-25(1)(b). We affirm the conviction.

The evidence showed that at about 3:30 a.m. on December 2, 1967, defendant took a girl, age seventeen, to an apartment on Emerson Street in Denver and there had sexual intercourse with her. Defendant was a male person over the age of eighteen years and was not married to the victim. He was arrested and questioned, admitting that he had had sexual intercourse with the seventeen-year-old girl. However, he contended that the act was voluntary on her part and that no assault or rape was involved. He was then charged in a one-count information with statutory rape.

During the deliberations of the jury, a written inquiry was made of the court concerning the instructions. The inquiry posed the following question to the trial judge: "Is the defendant charged with statutory rape only, or with statutory rape and assault?" Over the objection of defense counsel and in the absence of the defendant, the trial judge answered in writing: "The charge statutory rape only."

The defendant contends it was prejudicial error for the court to answer this question and to instruct the jury that the defendant was charged with "statutory rape." He argues that the term "statutory rape" is a colloquial term, that it is a term of the streets, and that it is improper to instruct the jury in colloquial terms. He concludes that he was deprived of due process of law and equal protection of the law by reason thereof. We find no merit to this argument.

The term "statutory rape" is used extensively by courts

and has been used in the past by this Court. *See, Gallegos v. People,* 176 Colo. 191, 489 P.2d 1301 (1971); *Hammond v. People,* 161 Colo. 532, 423 P.2d 331 (1967); *McGee v. People,* 160 Colo. 46, 413 P.2d 901 (1966); *Brown v. People,* 120 Colo. 493, 210 P.2d 837 (1949); *Efsiever v. People,* 105 Colo. 88, 96 P.2d 8 (1939).

We note that the trial judge replied to the question, using the same colloquialism as the jury used. It cannot be logically contended that the jury did not understand the meaning of "statutory rape."

▮ Defendant next argues that by giving the answer to the jury's question the court was in effect instructing the jury in violation of C.R.S. 1963, 39-7-18 and 19, and Colo. R. Crim. P. 30. We do not regard the answer to the jury's question — "The charge statutory rape only" — as an instruction to the jury within the meaning of the provisions of the statute and the rule.

▮ This Court has stated on numerous occasions that, although communications between a judge and the jury outside of the presence of the party on trial are frowned upon, prejudice is not to be presumed therefrom, but rather must be established before any verdict of guilt can be reversed on that ground. *Ray v. People,* 147 Colo. 587, 364 P.2d 578 (1961); *Dill v. People,* 94 Colo. 230, 29 P.2d 1035 (1933); *Kimmins v. Montrose,* 59 Colo. 578, 151 P. 434 (1915).

The judgment is affirmed.