## No. 25141

**The People of the State of Colorado v. Bennie Gilbert Lovato**

(507 P.2d 860)

Decided March 12, 1973. Rehearing denied April 2, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Auer & Manzanares, James B. Lapin, Paul G. Smith, for defendant-appellant.

Opinion by MR. JUSTICE GROVES.

The defendant was found guilty of attempted burglary in the second degree. 1967 Perm. Supp., C.R.S. 1963, 40-25-1 and 40-3-5(2). We affirm.

The jury retired to deliberate the case during the afternoon of June 24, 1970. At approximately 11:00 a.m. the following morning, the foreman of the jury sent a note to the court, which read as follows:

"We, the jury, have reached an inpast (sic) upon the verdict and cannot in all good conscience be alligned (sic) into the same decision

"To alter this inpast (sic) for a sake of an unanimous decision could amount to intimidation within the jury."

Neither the defendant nor his counsel was present at this time. The court sent the bailiff to tell the jury to "start all over again and keep working at it."

At approximately 4:00 p.m. that same day, the court was informed that the jury had not yet reached a verdict. With the defendant and all counsel present, the court gave the "Allen" or "third degree" charge to the jury. The jury continued its deliberations and returned a guilty verdict the next morning.

## I.

The defendant argues that the court erred by communicating with the jury out of the presence of the defendant and his counsel and by requiring the jury to continue its deliberations after it believed it had reached an impasse.

 In this case, the court's communication to the jury did not relate to any matter that the jury would have to consider in reaching its verdict. The court's statement was well below the level of objectionability found in *Nieto v. People,* 160 Colo. 179, 415 P.2d 531 (1966), where the trial court – in the absence of the defendant and defense counsel – reread an instruction to the jury and also gave the "Allen" charge.

"This Court has stated on numerous occasions that, although communications between a judge and the jury outside of the presence of the party on trial are frowned upon, prejudice is not to be presumed therefrom, but rather must be established before any verdict of guilt can be reversed on that ground. [Citing cases]" *Wiseman v. People,* 179 Colo. 101, 498 P.2d 930 (1972).

The assignment of error here falls within this quotation. In this respect the trial court did not act prejudicially toward the defendant.

## II.

 The trial court gave the "Allen" charge to the jury some 25 hours after the case had been submitted to it. The following appears in the record at a time when the court was in chambers:

"I'll read them the third degree and then keep them over night, and, if they don't reach – well, we'll see what happens then. If they haven't reached a verdict then tomorrow by noon, then I'll discharge them, I guess. Is there any objection?

"[Counsel (who has not appeared here)]: I've no objection. I'm always leery of the third degree, but I realize there's case law that approves of it."

Under these circumstances we cannot predicate error on the giving of the charge. *Taylor v. People,* 176 Colo. 316, 490

P.2d 292 (1971); and *Mills v. People,* 146 Colo. 457, 362 P.2d 152 (1961). Neither of the cases cited by the defendant (*Nieto v. People, supra,* and *Morgan v. People,* 157 Colo. 395, 402 P.2d 928 (1965) are factually similar to this case.

Under directive of the Chief Justice of this court, issued on September 22, 1971, it was ordered that the "Allen" instruction no longer be given. This order was not retroactive. *Taylor v. People, supra.*

## III.

█ The defendant contends that the trial court obstructed the defendant's cross-examination of the People's key witness by recessing in the middle of the cross-examination and by admonishing defense counsel in the presence of the jury. The admonishment came as the court recessed until the following morning. It was to the effect that counsel should change his attitude. The defendant's counsel did not object to the recess or the admonishment. This was not of a level to be "plain error." *See White v. People,* 79 Colo. 261, 245 P. 349 (1926), and *Almond v. The People,* 55 Colo. 425, 135 P. 783 (1913).

## IV.

█ The defendant objects to various instructions given to the jury by the trial court. Under the instructions as a whole, the jury was adequately informed as to the law. *People v. Olona,* 180 Colo. 300, 505 P.2d 372; and *McCune v. People,* 179 Colo. 262, 499 P.2d 1184 (1972). The instruction on general intent contained language similar to that disapproved in *Poe v. People,* 163 Colo. 20, 428 P.2d 77 (1967). However, the court in *Poe* held that the instruction did not constitute prejudicial error, and we so rule here.

## V.

We have carefully reviewed defendant's remaining arguments and find them to be without merit.

Judgment affirmed.

MR. JUSTICE DAY, MR. JUSTICE HODGES and MR. JUSTICE LEE concur.