586 P.2d 1006 (1978)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
James C. GERMANY, Defendant-Appellant.
No. 77-578.
Colorado Court of Appeals, Division III.
September 7, 1978.
Rehearing Denied September 21, 1978.
Certiorari Granted November 27, 1978.
*1007 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Sharon S. Metcalf, J. Stephen Phillips, Asst. Attys. Gen., Denver, for plaintiff-appellee.
Jonathan L. Olom, Denver, for defendant-appellant.
RULAND, Judge.
The defendant, James C. Germany, was convicted by a jury of second degree burglary and of being an habitual criminal. He appeals, asserting that various errors were committed during the course of his trial. We affirm.
Insofar as pertinent here, the record reflects that on November 28, 1976, Gloria Gomez was a patient at St. Joseph Hospital in Denver. About 9:30 p.m. she exited the restroom adjacent to her hospital room and encountered a strange man standing next to her bed. The man said something and quickly left. Ms. Gomez noticed her purse was lying open on the bed, and she discovered that her wallet was missing.
Ms. Gomez called the nurses' station to report the incident, and described the intruder's physical appearance as well as the fact that he was wearing a dark shirt with large orange flowers on it. The nurse on duty, who had seen a man matching that description on the floor earlier, relayed this information to the hospital security guards.
Guard Gary Reno responded to the call. He and another officer first checked the building and then Reno went outside. Reno observed a man near the hospital who generally matched the description he had been given. Reno followed the man into a building and found him engaged in conversation with a building security guard. Reno asked the man what kind of shirt he was wearing. In response, the man opened his jacket, partially revealing a dark shirt with large flowers on it. As both men left the building, the suspect broke and ran.
Reno radioed for help and about twenty minutes later the suspect was captured nearby. Denver police officers arrived and were advised by the security officers as to the reason for the suspect's detention. The officers then placed the suspect in a patrol car, and gave him Miranda warnings. The suspect agreed to "clear things up" and accompanied the officers back to the hospital where Ms. Gomez and the nurse independently identified him as the man who had been in the hospital earlier.
The defendant was returned to the patrol car and again given Miranda warnings. During the ensuing conversation, the defendant offered to show the officers where the wallet was if they would release him. The officers promised only to note his cooperation on their report and accompanied the defendant on a futile search for the wallet.

*1008 I. ADMISSIBILITY OF DEFENDANT'S STATEMENTS
The defendant first contends that the trial court erred in admitting into evidence the inculpatory statements made by him to the police officers, arguing that they were the product of an arrest made without probable cause. This contention lacks merit.
In determining whether probable cause to arrest exists, an officer may consider all information within his knowledge, People v. Gonzales, 186 Colo. 48, 525 P.2d 1139 (1974), including information either relayed to him by identified citizens who are eyewitnesses to a crime, eyewitnesses to the suspect's departure from the scene, or by fellow officers. People v. Hubbard, 184 Colo. 225, 519 P.2d 951 (1974); People v. Nanes, 174 Colo. 294, 483 P.2d 958 (1971).
Here, the security guards had informed the officers about the burglary, the victim's description of the intruder, and the fact of defendant's flight prior to the time he was first placed in the patrol car. Under these circumstances, and whether the security guards are classified as citizens or as fellow officers, the information supplied by them to the police officers constituted probable cause for defendant's arrest, see, Diggs v. People, 177 Colo. 60, 492 P.2d 840 (1972), and thus, the statements defendant made thereafter were admissible against him. See, People v. Hubbard, supra.

II. THE ALLEN INSTRUCTION
The defendant next contends that the trial court erred in instructing the jury pursuant to Colo. J.I.  Crim. 36:14  the modified "Allen" instruction  without affording him or defense counsel an opportunity to be present or object to the instruction. We conclude that the trial court did not commit reversible error.
The jury commenced its deliberations sometime after the evening meal on May 11, 1977. Shortly after 1:00 p. m. on May 12 the court was informed that the jury was deadlocked. The court concluded to instruct the jury pursuant to Colo. J.I.  Crim. 36:14 and had the bailiff so inform counsel by telephone. Defense counsel objected, and advised the bailiff that he wished to make a record of his objections. Nonetheless, the court submitted a written instruction to the jury without providing defense counsel an opportunity to present argument at that time. After the verdict was returned, defense counsel was permitted to "make a record" of his objection at which time defense counsel merely stated that he objected to the giving of the instruction.
Initially, the People assert that because this issue was not raised in the motion for new trial, it should not be considered on appeal. See Crim.P. 33(a). Defendant responds that the giving of the instruction under the circumstances of this case constituted plain error. Crim.P. 52(b); see Hines v. People, 179 Colo. 4, 497 P.2d 1258 (1972). Thus, we address the issue in that context.
The right of a defendant to be present by counsel at the time instructions are given to the jury is a fundamental right of constitutional proportion. Nieto v. People, 160 Colo. 179, 415 P.2d 531 (1966). However, our Supreme Court has stated that: "`[A]lthough communications between a judge and the jury outside of the presence of the party on trial are frowned upon, prejudice is not to be presumed therefrom, but rather must be established before any verdict of guilt can be reversed on that ground.'" People v. Lovato, 181 Colo. 99, 507 P.2d 860 (1973); Wiseman v. People, 179 Colo. 101, 498 P.2d 930 (1972). And, unlike Nieto, supra, where the court questioned whether the Allen instruction should have been given, the defendant does not seek to demonstrate here either that the form of the instruction was incorrect or that the giving of the instruction was unwarranted. Thus, because the defendant has shown no prejudice, we find no plain error. See Lovato, supra.

III. HOSPITAL ROOM AS A DWELLING
The defendant next asserts that the trial court erred in ruling that a hospital room is *1009 a "dwelling" pursuant to the second degree burglary statute, and, in instructing the jury to that effect. We find no merit in this contention.
Section 18-4-203, C.R.S. 1973, provides:
"(1) A person commits second degree burglary, if he knowingly breaks an entrance into, or enters, or remains unlawfully in a building or occupied structure with intent to commit therein a crime against a person or property.
(2) Second degree burglary is a class 4 felony, but if it is a burglary of a dwelling, it is a class 3 felony."
A "dwelling" is generally defined in § 18-1-901(3)(g), C.R.S. 1973, as "a building which is used, intended to be used, or usually used by a person for habitation." Recent cases which have considered this concept agree that a dwelling includes a hotel or motel room because those rooms are habitually used as a place where persons sleep. See, e. g., Herbert v. State, 31 Md.App. 48, 354 A.2d 449 (1976); Wyatt v. State, 4 Tenn.Cr.App. 1, 467 S.W.2d 811 (1971). By the same reasoning, we hold that a hospital room falls within the definition of a dwelling.

IV. SUFFICIENCY OF THE EVIDENCE
The defendant next contends that the trial court erred in refusing to grant his motion for judgment of acquittal made on the ground that the People failed to prove a trespass. This contention also lacks merit.
As one element in a second degree burglary prosecution, the People must prove that the defendant entered into or remained in a building without license, invitation, or privilege to do so. Section 18-4-203(1), C.R.S 1973; § 18-4-201(3), C.R.S. 1973 (1976 Cum.Supp.); People v. Diaz, 182 Colo. 369, 513 P.2d 444 (1973). Here, the parties agree that portions of the hospital are open to the public, but "[a] license or privilege . . . [to] remain in a building which is only partly open to the public is not a license or privilege to enter or remain in that part of the building which is not open to the public." Section 18-4-201(3), C.R.S. 1973 (1976 Cum.Supp.).
Viewed in a light most favorable to the verdict, see People v. Mayfield, 184 Colo. 399, 520 P.2d 748 (1974), the evidence reflects that the defendant, who was not wearing a hospital uniform, entered a hospital room without the permission of the only occupant of that room, that he quickly exited when confronted by the occupant, and that he was unknown to the nurse on duty. This evidence was sufficient for the jury to infer that the defendant was not authorized to enter the room. See Goddard v. People, 172 Colo. 498, 474 P.2d 210 (1970); People v. Rael, Colo.App., 578 P.2d 1067 (1978).

V. ADMISSIBILITY OF EVIDENCE OF PRIOR CONVICTIONS
Finally, the defendant contends that the trial court committed reversible error in admitting into evidence at the habitual criminal trial a transcript of his testimony at a bond reduction hearing. This contention also lacks merit.
At the bond reduction hearing, the defendant testified and admitted two specific prior felony convictions and estimated that he had five or six prior felony convictions in total. In addition to a transcript of the defendant's testimony at the bond hearing, the People introduced independent evidence of six prior felony convictions of the defendant. Thus, even assuming, arguendo, that it was error to admit the defendant's statements into evidence, it was merely cumulative of the substantial evidence of his prior convictions, and, thus the error, if any, was harmless beyond a reasonable doubt. People v. O'Donnell, 184 Colo. 104, 518 P.2d 945 (1974).
Judgment affirmed.
PIERCE and VanCISE, JJ., concur.