## No. C-1736

### James C. Germany v. The People of the State of Colorado

(599 P.2d 904)

Decided September 10, 1979.

Stanley H. Marks, Jonathan L. Olom, for petitioner.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Edward G. Donovan, Solicitor General, Sharon S. Metcalf, Assistant

Attorney General, for respondent.

*En Banc.*

JUSTICE GROVES delivered the opinion of the Court.

We granted certiorari to the court of appeals to review its opinion affirming the defendant's conviction of second-degree burglary under section 18-4-203, C.R.S. 1973 (now 1978 Repl. Vol. 8), 41 Colo. App. 304, 586 P.2d 1006 (1978). The petition for certiorari asked us to review only the question of whether the district court erred in giving the jury the modified *Allen* charge (Colo. J.I. Crim. 36:14) without affording the defendant or his counsel an opportunity to be present at and prior to the time of giving the instruction for the purpose of objecting thereto. We confine ourselves to this issue, and reverse.

The case was submitted to the jury in late afternoon and it commenced its deliberations after dinner. It resumed the next morning and shortly after 1:00 p.m. advised the court that it appeared to be deadlocked. Without permitting objection by or presence of defendant or his attorney, the court sent the instruction to the jury in writing. Later the jury reached and returned its verdict.

The modified *Allen* charge submitted to the jury read as follows:
"It appearing to the Court at this time that your deliberations have been somewhat delayed without an agreement being reached, the Court wishes to suggest a few thoughts which you should consider in your deliberations, along with the evidence in the case, and all of the instructions previously given.
"It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.
"You are not partisans. You are judges — judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case."

After the jury had returned its verdict and been excused, the trial judge made a statement in the record to the following effect: When the jury reported shortly after 1:00 p.m., the court determined that it should

give the modified *Allen* charge. At the direction of the judge, the bailiff called the prosecutor and defendant's attorney and told them that the additional instruction was going to be sent to the jury room. The defendant's counsel stated to the bailiff that he objected and wanted the record to note his objection. The court regarded the charge as an approved one and it could conceive of nothing counsel might say to change the court's determination.

The court then gave the defendant's attorney the opportunity to place his objection into the record. The attorney stated that "the record now reflects my stated objection."

No further objection was made as to the giving of the instruction. There is nothing in the record mentioning or indicating prejudice against the defendant by reason of the instruction. No mention of the issue was made in the motion for new trial.

The court of appeals recognized that the trial court committed constitutional error. Citing *People v. Lovato,* 181 Colo. 99, 507 P.2d 860 (1973) and *Wiseman v. People,* 179 Colo. 101, 498 P.2d 930 (1972), it ruled that prejudice was not to be presumed from the giving of the instruction and, the record disclosing no prejudice, it affirmed.

The defendant has the right under the Sixth Amendment to be present at every stage of his trial. *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). Obviously, constitutional error was committed here.

There is authority that constitutional error which violates this right creates a rebuttable presumption of prejudice. *Blackwell v. Brewer,* 562 F.2d 596 (8th Cir. 1977); *United States v. Treatman,* 524 F.2d 320 (8th Cir. 1975); *Akins v. Cardwell,* 500 F.2d 47 (9th Cir. 1974); *Rice v. United States,* 356 F.2d 709 (9th Cir. 1966).

In each of the two cases cited by the court of appeals (*People v. Lovato, supra,* and *Wiseman v. People, supra*) we ruled that prejudice was not to be presumed from the particular communications which there took place between the judge and jury out of the presence of the defendant and defendant's counsel. We there held that, since the record disclosed no prejudice from the communications, the convictions were affirmed.

In neither *Lovato* or *Wiseman* was the question of the giving of an *Allen* charge involved. The jury in *Lovato* sent a note to the court advising that it appeared to be deadlocked. Without the presence of the defendant or his counsel, or consulting either of them, the court instructed the bailiff to tell the jury to "start all over again and keep working at it."[1] In *Wiseman* the jury sent the following written inquiry to the judge. "Is the

---

[1] Later, prior to the jury's verdict of guilty *and with the defendant and his counsel present,* the former *Allen* charge was given to the jury.

defendant charged with statutory rape only, or with statutory rape and assault?" Over the objection of defense counsel and in the absence of the defendant, the judge answered in writing that the charge was statutory rape only.

■ While in those cases we did not cite *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), the rule of *Chapman* could have been applied: constitutional error need not be reversible, if the appellate court can "declare a belief that it was harmless beyond a reasonable doubt."

In contrast to *Lovato* and *Wiseman, Nieto v. People,* 160 Colo. 179, 415 P.2d 531 (1966) involved the *Allen* charge. The instruction was given at a time when the defendant was present, but his attorney was not. This constitutional error was among those found by this court to be prejudicial.

■ In the present case involving the modified *Allen* charge, we cannot say that the constitutional error was harmless beyond a reasonable doubt. We do not wish to decide the right-to-be-present cases on the basis of casting a presumption as a matter of law, as have the federal cases cited above. We still adhere to our rulings in *Lovato* and *Wiseman* under their facts. In the case of a modified *Allen* charge followed by a guilty verdict, it well could be that the defendant was prejudiced by the charge. No one can say what the jury might have done had not the instruction been given. Under these circumstances, obviously an appellate court cannot say, "This was error but beyond any reasonable doubt it was harmless." Perhaps the result we reach has the same effect in this particular case as saying that the giving of the charge created a rebuttable presumption of prejudice. Nevertheless, we think it more logical simply to apply the *Chapman* rule, particularly when one considers the practical impossibility of rebuttal in such cases, and more especially the paradox of having *an appellate court* create and then conceivably rebut a presumption.

The judgment is reversed and the cause returned to the court of appeals for remand with directions that the district court vacate the conviction and grant a new trial.

JUSTICE LEE does not participate.