**1196**

The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Joe Charles SISNEROS,
Defendant-Appellant.

No. 86CA0181.

Colorado Court of Appeals,
Div. II.

April 30, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia D. Jones, Curt P. Kriksciun, Asst. Attys. Gen., Denver, for plaintiff-appellee.

Joseph A. Koncilja, Pueblo, for defendant-appellant.

BABCOCK, Judge.

Defendant, Joe Charles Sisneros, appeals the judgment of conviction entered on a jury verdict finding him guilty of vehicular homicide. We affirm.

Defendant was driving his truck through an intersection when he turned in front of and collided with an oncoming motorcycle. The rider was thrown from the motorcycle and instantly killed. A test of defendant's blood showed a blood alcohol content of between 0.18 and 0.21 grams per hundred milliliters. He was charged with and convicted of vehicular homicide pursuant to § 18-3-106(1)(b)(I), C.R.S. (1986 Repl.Vol. 8B).

## I.

Defendant first contends that the trial court erred in failing to give jury instructions on the lesser nonincluded offenses of careless driving, as defined in § 42-4-1204, C.R.S. (1984 Repl.Vol. 17), and making an improper left turn, in violation of § 42-4-602, C.R.S. (1984 Repl.Vol. 17). We disagree.

A theory of the case instruction which instructs the jury on a lesser nonincluded offense and which permits the jury to find the defendant not guilty of the principal charge but guilty of the lesser nonincluded charge must be given when requested by the defendant if it is supported by the evidence. *People v. Rivera*, 186 Colo. 24, 525 P.2d 431 (1974); *People v. Annan*, 665 P.2d 629 (Colo.App.1983). Without such an instruction, the jury may be aware of the commission of a crime, not the principal charge, and still convict defendant of the greater crime. *People v. Rivera, supra.*

Section 18-3-106(1)(b)(I) provides:

"If a person operates or drives a motor vehicle while under the influence of any drug or intoxicant and such conduct is the proximate cause of the death of another, he commits vehicular homicide. This is a strict liability crime."

Here, it was undisputed that the motorcyclist was killed in a collision with the truck defendant was driving. Defendant's own expert testified that defendant had a blood alcohol content of 0.183 at the time of the collision, thus raising the presumption that he was under the influence of intoxicating liquor. *See* § 18-3-106(2)(c), C.R.S. (1986 Repl.Vol. 8B). Hence, except for proximate cause, all the elements of vehicular homicide under § 18-3-106(1)(b)(I) were established by undisputed evidence. *See COLJI-Crim.* Nos. 9:10, 9(3), and 9(4) (1983).

If defendant had been driving carefully or had made a proper turn, even while under the influence, a jury might have been able to find that the motorcyclist, and not defendant proximately caused the collision, and thus, it might have found defendant not guilty of vehicular homicide under § 18-3-106(1)(b)(I). If, however, the jury had found that defendant had made an improper turn, or had driven in a careless and imprudent manner without due regard for the approaching motorcycle, then the element of causation necessary to sustain a conviction of vehicular homicide also would have been established.

Consequently, under the evidence here, the jury could not have found defendant guilty of either careless driving or making an improper left turn without also finding him guilty of vehicular homicide. Therefore, since the facts which would establish either careless driving under § 42-4-1204 or improper left turn under § 42-4-602 would also establish proximate cause under § 18-3-106(1)(b)(I), there was no rational basis in the evidence for giving instructions on those offenses as lesser nonincluded offenses, and the trial court did not err in refusing to give them. *See People v. Aragon*, 653 P.2d 715 (Colo.1982).

Moreover, making an improper left turn is a Class A traffic infraction, which is civil in nature, § 42-4-1501(1), C.R.S. (1984 Repl.Vol. 17), and thus not properly submissible as a lesser nonincluded offense. *Cf. Williamsen v. People*, 735 P.2d 176 (Colo.1987).

## II.

Defendant next contends that the trial court improperly intimidated a juror when, after the close of the evidence, it admonished her that her reluctance to continue deliberations could cost the state $30,000 for the trial. Again, we disagree.

The trial court's admonition to the juror was not a coercive "Allen" or "dynamite" charge. *Cf. Lowe v. People*, 175 Colo. 491, 488 P.2d 559 (1971). Moreover, the record shows that defense counsel expressly consented to the court's admonition on the cost of trial and did not object to it when given. Defendant also expressly declined to move for mistrial. Under these circumstances, we cannot predicate reversible error on the giving of the admonition. *See People v. Lovato*, 181 Colo. 99, 507 P.2d 860 (1973); *People v. Hanes*, 42 Colo. App. 527, 596 P.2d 395 (1978), *aff'd*, 198 Colo. 31, 598 P.2d 131 (1979).

## III.

Finally, we reject defendant's argument that because his defense attorney was unable to remain present throughout the entire proceeding, he was deprived of his constitutional right to counsel of his own choosing.

Although a defendant in a criminal case has an absolute right to representation by counsel under both the Sixth Amendment and Colo. Const. art. II, § 16, there is no constitutional right to any particular counsel. *Osborn v. District Court*, 619 P.2d 41 (Colo.1980); *People v. Blalock*, 197 Colo. 320, 592 P.2d 406 (1979).

Here, defendant's trial counsel was absent during the jury's rendering of its verdict because his appearance was required at another proceeding, but adequate substitute counsel was procured to take his place. Defendant does not suggest that he received ineffective assistance from substitute counsel. Accordingly, we find no violation of defendant's constitutional rights.

Judgment affirmed.

SMITH and TURSI, JJ., concur.