The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Donaciano **ESQUIBEL**, Defendant–Appellant.

No. 87CA1685.

Colorado Court of Appeals, Div. III.

Jan. 25, 1990.

Rehearing Denied March 8, 1990.

Certiorari Denied July 16, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Andrew C. Heher, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge STERNBERG.

The defendant, Donaciano Esquibel, appeals a judgment of conviction for one count of second degree burglary. He contends that his right to a jury trial under both the United States and Colorado Constitutions, as well as his due process rights, were violated by virtue of the improper jury instructions. We disagree and therefore affirm.

The defendant was charged by information with one count of second degree burglary and one count of theft. He was convicted on both counts at a jury trial, but appeals only the burglary conviction.

In accordance with *COLJI–Crim.* No. 14:03 (1983), the jury was instructed that

the elements of second degree burglary are:

"1. That the defendant,

"2. in the State of Colorado, at or about the date and place charged,

"3. knowingly

"4. entered a dwelling

"5. with intent to commit therein the crime of theft."

The jury was also told in a separate instruction:

"Concerning the charges of Second Degree Burglary and Theft certain words and phrases have a particular meaning:

. . . .

" 'UNLAWFULLY ENTERS' means a person who enters in or upon premises when he is not licensed, invited, or otherwise privileged to do so."

*See COLJI-Crim.* No. 14(2) (1983).

While no objection was made to these instructions, in this appeal it is defendant's contention that, because the instruction on second degree burglary did not specify that the jury must find entry into the dwelling was "unlawful," an essential element of the offense was removed from the jury's province, thus violating his right to a trial by jury.

The second degree burglary statute, § 18-4-203(1), C.R.S. (1986 Repl.Vol. 8B), from which this instruction was taken, provides:

"A person commits second degree burglary, if he knowingly breaks an entrance into, or enters, or remains unlawfully in a building or occupied structure with intent to commit therein a crime against a person or property."

We agree with the defendant that case law in this jurisdiction makes "unlawful entry" an element of the crime of second degree burglary. *See Waits v. People,* 724 P.2d 1329 (Colo.1986) ("second degree burglary requires specific intent and actual [or] constructive trespass"); *People v. Tenorio,* 197 Colo. 137, 590 P.2d 952 (1979) ("second degree burglary is defined as breaking an entrance into or *unlawfully entering or remaining* in a building with intent to commit a crime against person or

property." (emphasis in original)). *See also People v. Bozeman,* 624 P.2d 916 (Colo. App.1980); *People v. Germany,* 41 Colo. App. 304, 586 P.2d 1006 (1978), *rev'd on other grounds,* 198 Colo. 337, 599 P.2d 904 (1979). Thus, the element of unlawful entry should have been contained in the instruction.

We hold, however, that under the facts of this case, the failure to include the term "unlawful entry" in the second degree burglary instruction does not rise to the level of plain error. The error is harmless beyond a reasonable doubt. *See People v. Rodgers,* 756 P.2d 980 (Colo.1988). The allegedly missing element of unlawfulness of the entry was not an issue at this trial. There was no contention by defendant that he was on the premises lawfully; rather, his defense went to identity. Thus, the omission from the elemental instruction does not rise to the level of plain error. *See Espinoza v. People,* 712 P.2d 476 (Colo. 1985).

Judgment affirmed.

PLANK and MARQUEZ, JJ., concur.