**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Minh LUU, Defendant–Appellant.**

**No. 88CA0494.**

Colorado Court of Appeals, Div. II.

April 25, 1991.

As Modified on Denial of Rehearing June 6, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Paul Koehler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Katherine Campbell, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Chief Judge STERNBERG.

The defendant, Minh Luu, appeals the judgment of conviction entered on a jury verdict finding him guilty of two counts of second degree kidnapping and aggravated robbery and one count each of first degree burglary, second degree burglary, conspiracy to commit aggravated robbery and first degree burglary, and theft. He also challenges the consecutive sentences imposed. We affirm.

A man was attacked by three others as he approached the front door of his home carrying the cash proceeds from his restaurant business. After subduing the victim by a blow to the head, the assailants forced their way into his home. They bound and gagged the man and his wife, took them to the basement of the home, took cash hidden there, and then fled.

The victims were Japanese and spoke very little English. The victims stated that, during the robbery, the assailants spoke Vietnamese to each other and English to them. Also, according to the victims, the intruders were dressed in dark blue clothes, wore ski masks and gloves, and were all between 5'8″ and 5'10″ tall and of slim to medium build. One of the intruders referred to another using defendant's last name. This assisted the victims in recognizing that intruder as being defendant, a former employee who had previously been a guest in the victims' home.

Because of the meager understanding of English by the defendant and the victims, a total of five different interpreters were present at various stages of the trial. Among them was a Vietnamese–English interpreter who sat at defendant's counsel's table. At the conclusion of the case, just prior to closing argument, the defendant's attorney informed the court that this interpreter was not present and stated:

"Mr. Luu's interpreter is not present, however, we are prepared to proceed.... I don't think the interpreter is necessary for me to make my closing argument. I could be wrong about that. I think we prefer that we get this thing to the jury. I don't think it's going to affect Mr. Luu's right in this case. That is my personal opinion but I would perhaps ask the court to explain why the interpreter isn't here because I think if the jury sees they are not here there may be problems. So I don't know why he is not here but we are ready to go."

Before closing argument was presented, the court informed the jury "that the gentlemen who had been seated at the defense table during part of the trial, [the interpreter] is for reasons that we have not been informed of not able to be here. So he is not here at this time."

I.

The absence of this interpreter while the jury was instructed and during closing argument serves as the basis for the defendant's first contention of error. He argues that, because the interpreter was not present during closing argument, and during the time the jury instructions were given, he was in effect denied his constitutional right to be present at his trial and that this violated his right to due process. We perceive no reversible error.

The Sixth Amendment guarantees a criminal defendant the right to be present at all critical stages of his trial. *See Germany v. People,* 198 Colo. 337, 599 P.2d 904 (1979). There is little doubt that the closing argument phase of a trial is a critical stage during which a defendant has the

right to be present. *See Larson v. Tansy,* 911 F.2d 392 (10th Cir.1990). For the purposes of our analysis, we also assume, without deciding, that reading of the instructions was a critical stage of the trial.

■ Although the defendant was present during closing arguments and the reading of the jury instructions, we agree with him, that the absence of his interpreter was tantamount to his not being present at all. *Cf. People v. Avila,* 797 P.2d 804 (Colo.App.1990). We also agree with the defendant that the right to be present at the critical stages of the trial are of such constitutional magnitude that they cannot be waived for a criminal defendant by his attorney. *See People v. Curtis,* 681 P.2d 504 (Colo.1984). We conclude, nevertheless, that the error in not having the interpreter present was harmless beyond a reasonable doubt.

In *Arizona v. Fulminante,* —— U.S. ——, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991), the court discussed its "landmark decision" in *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and observed that a harmless error analysis has been applied to a wide range of situations and that "most constitutional errors can be harmless."

As pertinent here, the *Fulminante* court noted that in *Rushen v. Spain,* 464 U.S. 114, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983), it had held that the denial of a defendant's right to be present at a critical part of a trial could be harmless. In *Rushen* neither the defendant nor his attorney was present during a conversation between a juror and the judge. The conversation related to an innocuous matter which, the court concluded, could have had no effect on the jury deliberations or the outcome of the trial. Thus, the *Rushen* court ruled, while it was error not to have had the defendant and his attorney present during the juror's conversation with the judge, that error was harmless beyond a reasonable doubt.

So too here, there is no easily discernible way in which the defendant's not having an interpreter at his side during the reading of instructions to the jury and closing arguments could conceivably have affected the outcome. Defendant does not allege that the interpreter's absence caused him to forego any instructions to trial counsel; nor does he argue any other specific prejudice to him. We note that evidence of guilt was overwhelming, and the closing arguments were entirely consistent with the evidence presented. At most, the absence of the interpreter in this situation constituted "trial error." *See Fulminante, supra.* Consequently, on the authority of *Fulminante, Chapman,* and *Rushen, supra,* we hold that the error does not require reversal. *See also People v. Myrick,* 638 P.2d 34 (Colo.1981).

## II.

The defendant asserts error in the trial court's refusal to give his tendered "theory of the case" instruction. He argues that there was ample evidence in the record to support the instruction. We hold that the shorter but less argumentative instruction given to the jury adequately presented defendant's theory of the case.

■ A theory of the case instruction which explains the evidence must be general, brief, and must instruct the jury on the legal effect of the explanation. *People v. Weiss,* 717 P.2d 511 (Colo.App.1985). The instruction given met this requirement.

## III.

There was no error in the trial court's refusal to give defendant's tendered instruction on the accuracy of eyewitness identification. The general instruction given to the jury on credibility of the witnesses was sufficient. The defendant's contention in this regard has been disposed of adversely to him in *People v. Fuller,* 791 P.2d 702 (Colo.1990).

## IV.

We also disagree with the defendant's contention that the trial court erred in not giving his tendered instruction on the law applicable to second degree kidnapping. The instruction followed both the language of *COLJI-Crim.* No. 11:04 (1983) and of

the statute. An instruction which is in the language of the statute is sufficient. *See People v. Wilson*, 791 P.2d 1247 (Colo.App. 1990).

■ The jury's finding of guilty on the kidnapping charge was supported by evidence that the male victim was struck on the head outside the home, moved into the home and, once there, he and his wife were bound, gagged, and their faces pushed to the floor. Thereafter, they were moved to the basement of the home where the husband was coerced by physical violence into revealing the location of money hidden in the basement. This evidence was sufficient to serve as a basis for the jury verdict finding defendant guilty of second degree kidnapping. *See People v. Fuller, supra.*

## V.

Finally, the defendant contends that the trial court erred in sentencing him to five consecutive aggravated terms under § 16–11–309(1)(a), C.R.S. (1986 Repl.Vol. 8A). We agree that the trial court acted on an erroneous premise.

Pursuant to § 16–11–309(1)(a):

"A person convicted of two separate crimes of violence arising out of the same incident shall be sentenced for such crimes so that sentences are served consecutively rather than concurrently."

In *Robles v. People*, 811 P.2d 804 (Colo. 1991), the supreme court interpreted this language as requiring imposition of only two consecutive sentences. However, the sentencing court may impose additional consecutive sentences in its discretion.

It appears that the trial court here felt it had no discretion in determining whether to make all of the sentences consecutive; thus, the case must be remanded for resentencing based upon an exercise of discretion by the trial court in regard to making more than two of the sentences consecutive.

The judgment of conviction is affirmed. The sentence is set aside, and the cause is remanded for resentencing.

SMITH and VAN CISE *, JJ., concur.