The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Juan Cruz VEGA, Defendant–Appellant.

No. 91CA1664.

Colorado Court of Appeals,
Div. V.

Sept. 9, 1993.

Rehearing Denied Oct. 14, 1993.

Certiorari Granted April 11, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Wendy J. Ritz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, David M. Furman, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge DAVIDSON.

Defendant, Juan Cruz Vega, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of possession with intent to distribute more than 28 grams of cocaine. We affirm.

Defendant, a resident of California, and two other men were arrested after transporting cocaine from Los Angeles to Denver and offering it for sale to undercover federal Drug Enforcement Agents. A police informant had been involved in initiating the transaction and defendant offered an affirmative defense of entrapment.

I.

Premised on the allegation that he had introduced, distributed, or imported a controlled substance into Colorado, defendant was charged with distribution of a controlled substance, and as a special offender pursuant

to § 18–18–107 C.R.S. (1986 Repl.Vol. 8B). During preparation of jury instructions, defendant argued that the jury should be specifically instructed that the entrapment defense applied to the charge of special offender status. The trial court denied defendant's request, and he now asserts that by this ruling, he was deprived of his due process right to present an affirmative defense of entrapment to a charge of special offender status. We disagree.

Section 18–18–107, C.R.S. (1986 Repl.Vol. 8B) provides, in pertinent part, that:

> [U]pon a felony conviction under this article, the presence of any one or more of the following extraordinary aggravating circumstances designating the defendant a special offender shall require the court to sentence the defendant to a term greater than the presumptive range for a class 2 felony but not more than twice the maximum term for a class 2 felony authorized in the presumptive range for the punishment of such felony:
>
> . . . .
>
> (d) The defendant unlawfully introduced, distributed, or imported into the state of Colorado any schedule I or II controlled substance ... or, with the intent to promote or facilitate the introduction, distribution, or importation of any schedule I or II controlled substance ... into the state of Colorado, he aided, abetted, or advised another person to introduce, distribute, or import any schedule I or II controlled substance ... into the state of Colorado.

The trial court based its ruling, in part, on the ground that, on the evidence presented, the jury could find entrapment only as to conduct occurring prior to the transportation of the cocaine into Colorado, and therefore, to even reach the special offender charge it would first have to reject entrapment as to the substantive offense. The trial court further found that defendant was not entitled to a separate entrapment instruction because the charge of special offender status is not an offense but instead is an extraordinary aggravating circumstance which requires a sentence enhancement.

Defendant argues that the trial court reversed the sequence in which the jury must consider the two charges. He contends that because the act of distribution followed closely in time the act of importation, the jury would have to determine whether importation occurred before reaching the charge of distribution, and therefore, he urges that it should have been instructed that entrapment was an affirmative defense to the separate importation charge. We disagree. Even were defendant correct that, here, the jury could have found entrapment as to the act of importation, we agree with the trial court that the charge of special offender status did not create a separate offense of importation to which an affirmative defense applied.

██ The special offender statute does not create a substantive crime. *See Felts v. County Court*, 725 P.2d 61 (Colo.App.1986) (because it is not a substantive offense, no preliminary hearing is required on a charge of special offender status). Unlike § 16–11–309, C.R.S. (1986 Repl.Vol. 8A) (crime of violence) or § 16–13–103, C.R.S. (1986 Repl. Vol. 8A) (habitual offender), no special procedural provisions have been included in the special offender statute for separate charging, trial, or verdict on a charge of special offender status.

Defendant concedes that affirmative defenses logically apply only to substantive offenses. *See People v. Huckleberry*, 768 P.2d 1235 (Colo.1989) (an affirmative defense essentially admits the offense but seeks to justify, excuse, or mitigate it). However, citing *People v. Garcia*, 752 P.2d 570 (Colo.1988) and *People v. Delgado*, 832 P.2d 971 (Colo. App.1991), he argues that the special offender statute has been likened generally to the crime of violence sentence enhancement statute, § 16–11–309, C.R.S. (1986 Repl.Vol. 8A) which, by its terms, requires a separate finding of "crime of violence" by the jury. Based on his assumption that the jury here therefore would be similarly required to make a separate finding as to the special offender charge, defendant argues that due process requires that he be entitled to present an affirmative defense to what he describes as "the added essential element of importation"

which allowed for an enhanced sentence. We do not agree.

■ To the contrary, we conclude that the special offender statute is a presumptive penalty statute which requires no special verdict of special offender status by the jury and therefore that affirmative defenses are not applicable.

■ Section 18–18–107 establishes special offender status solely upon a finding of one or more extraordinary aggravating circumstances and requires the court to impose a sentence that is within a set penalty range for drug offenses if certain specified circumstances are present. Importantly, the statute contains no procedure or requirement for the jury to make any determinations concerning any aggravating or mitigating factors. *Cf.* § 16–11–103(2)(a), C.R.S. (1993 Cum.Supp.) (during penalty phase on a capital offense, "the jury shall deliberate and render a verdict" based upon whether aggravating and mitigating factors have been proved); *Rowe v. People*, 856 P.2d 486 (Colo. 1993) (on first degree assault charge, defendant was entitled to raise the issue of provocation and to request a jury instruction on the mitigating factor of "heat of passion").

Also, importantly, the statute provides that "the presence of" one or more of the enumerated extraordinary aggravating circumstances "shall require the court to sentence the defendant" to a lengthier term. Section 18–18–107(1), C.R.S. (1986 Repl.Vol. 8B). This language is identical to that used in § 18–1–105(9)(a), C.R.S. (1986 Repl.Vol. 8B), the general felony presumptive penalty statute.

■ Similarly, under § 18–1–105(6), C.R.S. (1986 Repl.Vol. 8B) the trial court may conclude that extraordinary aggravating circumstances "are present" based upon evidence presented at trial, at the sentencing hearing, or on the presentence report; no provision is made for a jury finding. *See also People v. Faulkner*, 40 Colo.App. 537, 580 P.2d 823 (1978); *People v. Duncan*, 754 P.2d 796 (Colo.App.1988); compare § 18–18–107 with §§ 16–11–309(5) and 16–11–309(7), C.R.S. (1986 Repl.Vol. 8A) ("the jury, or the court if no jury trial is had ... shall make a specific finding as to whether" the requirements of a crime of violence have been proved) and §§ 16–13–103(1) and 16–13–103(4), C.R.S. (1986 Repl.Vol. 8A) (on an habitual offender charge "the jury impaneled to try the substantive offense" shall determine if the defendant has been previously convicted as alleged).

■ Thus, by its plain language, § 18–18–107 was intended to be a mandatory sentencing statute which "[does] not enhance the disposition but merely [requires] the court to impose a specific disposition on the offender." *See People in Interest of C.R.B.*, 662 P.2d 198, 199 (Colo.App.1983). The statute does no more than set a penalty range for particular crimes involving drug offenses committed under special circumstances, and "[t]he legislature certainly has the authority to establish more severe penalties for acts that it believes have greater consequences." *People v. Terry*, 791 P.2d 374, 378 (Colo.1990) (whenever reference to sentencing under § 16–11–309 appears in a substantive statute, § 16–11–309 is intended to serve as a presumptive penalty statute).

■ No due process concerns are raised by the operation of a presumptive penalty statute so long as the defendant receives reasonable notice of the potential for an increased sentence and the prosecution meets its burden of proof as to the aggravating factor alleged if it is contested. *See People v. Lacey*, 723 P.2d 111 (Colo.1986); *People v. Alexander*, 724 P.2d 1304 (Colo.1986); *see also People v. Garcia, supra.* Compare § 18–1–105(9)(a) *with* § 16–11–309, and *see People v. Terry, supra.* Accordingly, no special jury verdict is required as to the aggravating factor nor is the assertion of an affirmative defense appropriate.

■ Here, although not required under the special offender statute, defendant was separately charged as a special offender and thus received notice of the potential for a lengthier sentence. *See People v. Garcia, supra.* Although also not required under the special offender statute, the jury here, by special verdict, determined the existence of the extraordinary aggravating circumstance.

This finding is adequately supported by the record.

Hence, the procedure by which defendant was determined to be a special offender was more protective than actually required by the statute. *Cf. People v. Terry, supra.* Therefore, we can find no due process violation and, consequently, no error.

We note that if § 18–18–107 is read as defendant argues, several of the enumerated extraordinary aggravating circumstances set forth in the statute would require presenting to the jury evidence of, and require the jury to determine, the existence of a defendant's prior convictions or prior uncharged similar transactions. *See* §§ 18–18–107(1)(a) and 18–18–107(1)(b), C.R.S. 1986 Repl.Vol. 8B. We do not believe that the General Assembly intended such a result.

■ Other crime evidence exposes a defendant to the risk of being found guilty of the charged offense because of bad character rather than on evidence relating to the charged offense. *People v. Garner,* 806 P.2d 366 (Colo.1991). For this reason, evidence of previous convictions or uncharged similar conduct is, with limited exceptions, inadmissible because of its potential for extreme prejudice. *See Harper v. People,* 817 P.2d 77 (Colo.1991); *cf.* § 13–90–101 C.R.S. (1987 Repl.Vol. 6A) (testimony of any witness may be impeached by conviction of any felony); CRE 404(b).

■ Thus, in order to avoid admitting prejudicial evidence of defendant's past bad acts during the trial of the substantive offense, a bifurcated trial would be necessary. *See People v. Chavez,* 621 P.2d 1362 (Colo. 1981). However, our supreme court has held that a bifurcated trial is not required under the special offender statute. *See People v. Garcia, supra; see also People v. Vazquez,* 768 P.2d 721 (Colo.App.1988). Because we are required to presume that the General Assembly did not intend an illogical result, we reject the interpretation of the special offender statute urged by defendant. *See Ingram v. Cooper,* 698 P.2d 1314 (Colo.1985).

## II.

We are also unpersuaded by defendant's argument that the trial court erred by excluding certain defense evidence of entrapment.

Defendant sought to introduce evidence relating to the Drug Enforcement Administration's reporting system which rewards a regional office for the apprehension of a perpetrator who handles large amounts of controlled substances. The trial court excluded the evidence, finding it was not relevant to the defense of entrapment because these factors were not communicated to defendant.

■ Colorado's entrapment statute creates a subjective test which is concerned with the state of mind of a particular defendant; it does not set general standards for police conduct. *Evans v. People,* 706 P.2d 795 (Colo.1985). Thus, evidence of a law enforcement agency's internal reward system generally would not be relevant to whether a particular defendant was entrapped into committing an offense. We conclude that the trial court did not abuse its discretion by excluding this evidence.

## III.

Defendant also contends the trial court erred in denying his motion to dismiss based upon the allegation that the police engaged in outrageous governmental conduct by inducing him to violate the law, thus violating his right to due process. Again, we disagree.

■ Colorado recognized the due process claim of outrageous governmental conduct in *Bailey v. People,* 630 P.2d 1062 (Colo.1981). In regard to such a claim, an asserted denial of due process must be tested by an appraisal of the totality of facts in a given case. *People in Interest of M.N.,* 761 P.2d 1124 (Colo.1988).

Here, the trial court denied the motion to dismiss, finding that the conduct of the law enforcement authorities was not so outrageous as to violate fundamental due process. We perceive no error in that ruling.

■ The actions of the law enforcement authorities to arrange for delivery of

cocaine in Colorado cannot be said to be so outrageous that it constitutes intolerable governmental conduct. *See People v. Esch,* 786 P.2d 462 (Colo.App.1989). Government officers can employ appropriate artifice and deception to ferret out illegal activities. *People in Interest of M.N., supra.*

## IV.

Finally, defendant maintains that the trial court erred by failing to determine on the record whether he personally waived his right to be present when the trial court prepared a response to two jury questions. Again, we do not agree.

The trial court received two questions from the jury. The first question related to the entrapment instruction and asked if the conduct referred to meant distribution of cocaine in Colorado or distribution of cocaine in a generic sense. In response, the trial court referred the jury to the elements of the offense instruction and to the complicity instruction. The second question asked if the language of the special verdict form was intended to be the same as that used in the interrogatory relative to the special verdict. The trial court responded that it was and that any finding must be in accordance with the interrogatory.

Defendant's attorney was present during the preparation of the trial court's responses to the two questions. When asked by the trial court if counsel were willing to waive the appearance of the defendant during this procedure, defendant's counsel responded in the affirmative.

The right to be represented by counsel exists at every critical stage of a criminal trial including jury deliberations. *People v. Key,* 851 P.2d 228 (Colo.App.1992); *People v. Johnson,* 802 P.2d 1105 (Colo.App. 1990). The defendant has a fundamental right to have counsel present when the trial court responds to questions from the jury. *Leonardo v. People,* 728 P.2d 1252 (Colo. 1986). However, due process affords the accused the right to be present only to the extent that a fair and just hearing would be thwarted by his absence. *Luu v. People,* 841 P.2d 271 (Colo.1992). Reversal for lack of the defendant's presence is not required if the appellate court can declare a belief that it was harmless beyond a reasonable doubt. *See Leonardo v. People, supra.*

Inasmuch as the conferences were attended by his attorney, defendant has failed to show how his absence from these proceedings affected his ability to defend the charges against him. *See Esnault v. People,* 980 F.2d 1335 (10th Cir.1992) (no due process violation occurred when defendant was absent at the time the court and counsel conferred in response to jury question); *Larson v. Tansy,* 911 F.2d 392 (10th Cir.1990) (because jury instruction conferences traditionally encompass purely legal issues, the defendant's presence would rarely be essential to the presentation of his or her defense); *see also State v. Christensen,* 129 Ariz. 32, 628 P.2d 580 (1981); *State v. Brown,* 29 Wash. App. 11, 627 P.2d 132 (1981).

Because defendant was represented by his attorney at the time the responses to the jury's questions were prepared, and has failed to show prejudice, we conclude that the alleged error, if any, was harmless beyond a reasonable doubt. *See Luu v. People, supra; Germany v. People,* 198 Colo. 337, 599 P.2d 904 (1979).

Judgment affirmed.

HUME and TAUBMAN, JJ., concur.